[No. 3107.  Decided November 26, 1898.]

GEORGE W. DUNKLE, *Respondent,* v. THE SPOKANE FALLS
AND NORTHERN RAILWAY COMPANY, *Appellant.*

NEW TRIAL—REVIEW ON APPEAL—DISMISSAL AND NON-SUIT.

An order granting a new trial is reviewable on appeal,
although no abuse of the discretion of the trial court is shown,
when such order is based solely upon an error of law.

Where the court has granted the motion of defendant to dis-
charge the jury and for judgment in its favor, made in con-
formity with Bal. Code, § 4994 (Laws 1895, p. 64, § 1), which
provides that in all cases in which the legal sufficiency of the
evidence shall be challenged, and the court shall decide as a
matter of law what verdict should be found, the court shall dis-
charge the jury and direct judgment to be entered in accordance
with its decision, a motion of plaintiff for a dismissal of his case
without prejudice comes too late.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge.  Reversed.

*Albert Allen* and *Jay H. Adams,* for appellant.

*John M. Gleeson (T. C. Griffitts,* and *Dudley & Dudley,*
of counsel), for respondent:

The court should have granted plaintiff's motion for
dismissal, and the granting of a new trial was proper to
correct the error.   Under subd. 1 of § 409, 2 Hill's Code
(Bal. Code, § 5085), plaintiff's right to dismiss at any
time before the jury retired to consider their verdict was
absolute.   This was a jury case, and the jury had not been
discharged nor had they retired.   *Howe v. Harroun,* 17
Ill. 494;   *Gordon v. Goodell,* 34 Ill. 435;   *Lawrence v.
Shreve,* 26 Mo. 494; *Sharpless v. Giffen,* 66 N. W. 285;
*New Hampshire Banking Co. v. Ball,* 48 Pac. 137; *Mor-
risey v. Chicago & N. W. Ry. Co.,* 45 N. W. 545.

Even if plaintiff was too late to demand as a right a dismissal of his action, yet the granting of such a motion to dismiss was entirely in the discretion of the court, and the granting later of a new trial by the court was a proper exercise of such discretion. *Schafer v. Weaver,* 20 Kan. 294; *Ashmead v. Ashmead,* 23 Kan. 262; *National Hotel Co. v. Crane Bros. Mfg. Co.,* 31 Pac. 682.

The opinion of the court was delivered by

GORDON, J.—At the trial of this action below, plaintiff having introduced his evidence and rested, the defense submitted a motion to discharge the jury from further consideration of the case, and for judgment. This motion was made in conformity to § 4994, Bal. Code (Laws 1895, p. 64, § 1), which is as follows:

" In all cases tried in the superior court with a jury in which the legal sufficiency of the evidence shall be challenged, and the court shall decide as a matter of law what verdict should be found, the court shall thereupon discharge the jury from further consideration of the case, and direct judgment to be entered in accordance with its decision."

After argument the court granted the motion, and thereupon the plaintiff moved to dismiss the case without prejudice. This latter motion was overruled upon the ground that it came too late, and the jury was discharged and judgment entered for the defendant. Thereafter the plaintiff moved for a new trial, basing such motion upon various grounds; and this latter motion, coming on to be heard, was granted by the court on the sole ground, as appears from the order, "that the court erred in denying the plaintiff's motion to dismiss the case without prejudice on his motion."

Respondent invokes the familiar rule that a motion for a new trial is a matter addressed to the discretion of the lower court, and that the order of the court will not be

disturbed unless the record discloses an abuse of discretion. But it will be observed· in this case that the order was based upon the sole ground that the court committed error in denying plaintiff's application to· dismiss his action. This raises a clean-cut legal proposition, not involving in its determination the exercise of any discretion, and there is nothing in the general rule which will prevent this court from reviewing the order.

We have examined the evidence which was submitted at the trial in support of plaintiff's cause of action, and think it was wholly insufficient to have authorized a recovery, and the court was right in reaching that conclusion. We are of the opinion, also, that § 4994, *supra,* which was adopted in 1895 (Session Laws, p. 64), was designed to correct well-known abuses which arose under the former practice of permitting a plaintiff to dismiss his action and submit to a non-suit, after a full and fair trial upon the merits; and we think the manifest purpose of the latter enactment was to permit the entry of a judgment which would constitute a bar. We can see no other purpose to be served by the legislation in question. We are agreed that at any time prior to an adverse decision upon such a motion, the plaintiff has the right to dismiss his action, but, when he elects to submit the motion for judgment to the determination of the court, he must take his chances upon such determination, and a subsequent application to dismiss comes too late. Subject to this right which a plaintiff has to dismiss his action at any time prior to a decision upon the merits of the case as made at the trial, we think the present practice, as contemplated by § 4994, is a decided improvement over that which preceded it. It enables a case to be fully and fairly tried, and, when once decided upon its merits, makes that decision effectual as a bar to a further proceeding upon the same cause of action. In reason, we think it should be so.

We may append, however, that the affidavit as to newly discovered evidence, adds nothing to the strength of plaintiff's case as made on the trial.

For these reasons the order vacating the judgment an'l granting a new trial must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.