[No. 14157.   Department One.   June 29, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Ada A. Stone, Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent*.[1]

TRIAL—CHALLENGE TO THE EVIDENCE—QUESTION FOR COURT. A motion to discharge the jury and enter judgment for the defendant, upon challenging the sufficiency of plaintiff's evidence, presents an issue of law and not of fact, for the court.

MANDAMUS—WHEN LIES—TO COURT—REMEDY BY APPEAL. Mandamus lies to compel a superior court judge to enter a judgment of dismissal, after sustaining a challenge to the sufficiency of the evidence, under Rem. Code, §§ 1014 and 1015, providing that the writ shall issue to compel the performance of a legal duty when there is no plain, speedy, and adequate remedy in the course of law.

TRIAL—CHALLENGE TO THE EVIDENCE—RIGHT TO DISMISSAL—MISTRIAL. Upon sustaining a challenge to the sufficiency of the plaintiff's evidence as to one of the defendants, nothing remains to be done but to dismiss such defendant from the case, and a subsequent mistrial as to the remaining defendant does not affect the rights of such defendant to a dismissal.

Application filed in the supreme court April 20, 1917, for a writ of mandamus to compel the superior court for Spokane county, Webster, J., to enter a judgment of dismissal. Granted.

[1]Reported in 166 Pac. 69.

*Nuzum, Clark & Nuzum,* for relator.

*W. B. Mitchell* and *Skuse & Morrill,* for respondent.

MAIN, J.—This is an original application in this court for a writ of mandamus, directed to the Honorable R. M. Webster, one of the judges of the superior court for Spokane county.

The facts, as shown by the admitted portions of the petition and the reply thereto, are these: On the 22d day of March, 1907, there came on for trial before Judge Webster and a jury an action in which Sarah Enright was plaintiff and Henry Madigan and Ada Stone Bringgold were defendants. The complaint in that action alleged a conspiracy on the part of the defendants to slander the plaintiff. After the plaintiff had closed her case in chief, the legal sufficiency of the evidence as to the defendant Mrs. Bringgold was challenged, and the court was moved to discharge the jury and enter a judgment in her favor for the reason that there was no evidence from which the jury could find that she had been a party to the conspiracy charged. After argument, this motion was sustained by the court. Thereafter the cause proceeded against Madigan, the other defendant, and during a subsequent period in the trial, it was brought to the attention of the trial judge that there had been certain misconduct on the part of one of the jurors. For this reason, the procedure of the trial was arrested and the jury discharged. A few days after the discharge of the jury, the court was requested to enter a judgment dismissing the action as to Mrs. Bringgold, which request was denied because, as recited in the return, "there was a mistrial of said cause, and on account thereof respondent as judge of said court has refused to enter any judgment of dismissal as to said defendant Ada Stone Bringgold." The present application is to require the trial judge to sign the judgment dismissing the action as to Mrs. Bringgold, and presents the question whether, as a matter of law, under the facts stated, she was entitled to such judgment.

Where a cause is being tried to a jury and, at the conclusion of the plaintiff's case, there is a challenge to the sufficiency of the evidence and a request for the discharge of the jury and the entry of a judgment in favor of the defendants, a vital issue of law, not of fact, is presented to the trial court for determination. *Bee Bldg. Co. v. Dalton*, 68 Neb. 38, 93 N. W. 930.

After the challenge to the sufficiency of the evidence has been sustained, even though no formal judgment has been entered from which an appeal could be prosecuted, the plaintiff cannot thereafter take a voluntary nonsuit. In *Dunkle v. Spokane Falls & N. R. Co.*, 20 Wash. 254, 55 Pac. 51, the plaintiff having introduced his evidence and rested, the defendant submitted a motion to discharge the jury and for judgment. After argument, the motion was granted, and thereupon the plaintiff moved to dismiss the action without prejudice, which, in effect, was a motion for a voluntary nonsuit. It was there said:

"We are agreed that at any time prior to an adverse decision upon such a motion, the plaintiff has the right to dismiss his action, but, when he elects to submit the motion for judgment to the determination of the court, he must take his chances upon such determination, and a subsequent application to dismiss comes too late."

A writ of mandamus will issue from this court to the superior court to compel the latter to perform a legal duty when there is not a plain, speedy and adequate remedy in the course of law. Rem. Code, §§ 1014 and 1015; *State ex rel. Gabe v. Main*, 66 Wash. 381, 119 Pac. 844.

In the present case, the trial judge, as shown by his return, refused to sign the judgment of dismissal as to Mrs. Bringgold because the misconduct of a juror had resulted in a mistrial, apparently entertaining the view that, there being such a mistrial, the action must be retried as against both of the defendants. The cause as to Mrs. Bringgold was submitted to the court upon the merits on an issue of law when

the challenge to the sufficiency of the evidence was interposed. After that motion was decided in her favor, she had no further connection with the case. The only thing that remained to be done, so far as she was concerned, was the signing of a formal judgment which would dismiss her out of the action. It was the duty of the court to so dismiss her, and to require the performance of this duty, the writ of mandamus is the proper remedy, as above seen, providing there is not a plain, speedy and adequate remedy by appeal. If the retrial should proceed against both of the defendants, presumably the transcript of the evidence upon the former trial would not be used, but the evidence would be again taken in court. The evidence upon the first trial might not be sufficient to sustain a verdict against Mrs. Bringgold, while that upon the second trial would be sufficient. If the judgment requested should be entered, the plaintiff would have a right to appeal therefrom and have the correctness of the ruling reviewed. If, upon the second trial, Mrs. Bringgold should be again dismissed out of the action, the plaintiff would have a right to appeal from that judgment. If, upon such an appeal, this court should be of the opinion that the evidence was sufficient to carry the question to the jury, it would be returned for new trial after, upon the former trial, she had been dismissed out of the action upon the record, which neither party could get before this court unless the trial court signs the judgment requested. Under this situation, it cannot be said that the remedy by appeal is adequate. It must be remembered that this is not a case where the trial judge, after having announced a decision sustaining a challenge to the sufficiency of the evidence, subsequently concluded that he had fallen into error and, for that reason refused to sign the judgment of dismissal. Neither is it a case which involves any element of discretion on the part of the trial judge. The case involves a pure question of law as to whether, as a matter of legal right, Mrs. Bringgold was entitled to a formal judgment of dismissal.

There is a line of cases cited in the brief of the attorneys for the relator which hold that, in an action tried to a jury, where, at the conclusion of the plaintiff's case, the defendant moves for a nonsuit, or challenges the legal sufficiency of the evidence and asks the discharge of the jury, and the motion or challenge so made is denied and the cause proceeds, and subsequently a mistrial occurs, the defendant does not have a right to appeal and have reviewed the order of the court directing a retrial, or the decision of the court upon the motion which questions the sufficiency of the evidence to take the case to the jury. To this class belongs the case of *Dossett v. St. Paul & Tacoma Lumber Co.*, 28 Wash. 618, 69 Pac. 9. There, a motion for nonsuit was made and overruled. The trial proceeded by the introduction of the testimony of the defendant, and was submitted to the jury and resulted in a mistrial on account of the inability of the jury to arrive at a verdict. The appeal was there taken from the order directing a retrial, and it was there held that such an order was not the granting of a new trial and, therefore, not appealable, but the holding in that case would not support a denial of the writ in this case. Here, as already stated, Mrs. Bringgold, by her challenge to the evidence, presented to the court a vital issue of the law which was decided in her favor, and the only reason that the court declines to enter the formal judgment is because of a misapprehension as to the legal effect of the subsequent mistrial as against the other defendant. It is undoubtedly the rule that the law does not favor the appeal of cases by piecemeal, but this rule is not applicable to the facts in this case.

The writ will issue.

ELLIS, C. J., HOLCOMB, and PARKER, JJ., concur.