[No. 15578.  Department One.  February 9, 1920.]

JOHN KOSINSKI, *Appellant,* v. WALKER D. HINES, *Respondent.*[1]

DISMISSAL AND NONSUIT (1, 2) — CONDITION OF CAUSE — BEFORE FINAL ADJUDICATION—COUNTER MOTION. Rem. Code, § 340, providing that when, upon a challenge to plaintiff's evidence, the court shall decide as a matter of law what verdict should be found, the court shall discharge the jury and direct judgment, changed the common law rule that plaintiff had an absolute right to a voluntary dismissal at any time before judgment, but only limits such right to the extent that it should be asserted before passing on the challenge.

SAME. A plaintiff has a right to take a voluntary nonsuit after defendant's motion to discharge the jury and for directed judgment under Rem. Code, § 340; and the motion for voluntary nonsuit is timely if made before the ruling upon the defendant's motion, even though the judge has expressed his views of the law and indicated that he is about to grant defendant's motion.

APPEAL (297)—RECORD—STATEMENT OF FACTS—NOTICE OF SETTLEMENT—WAIVER. Notice of an application for extension of time for filing a proposed statement of facts is waived by appearance in answer to notice of settlement and making no objection.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered June 23, 1919, dismissing on the merits an action in tort on challenge to

[1]Reported in 187 Pac. 712.

the sufficiency of the evidence, and denying plaintiff's motion for a voluntary nonsuit. Reversed.

*P. L. Pendleton,* for appellant.

*G. W. Korte* and *H. S. Griggs,* for respondent.

MACKINTOSH, J.—The appellant was injured while in the employ of the respondent and brought this action to recover damages. At the conclusion of the appellant's testimony, the respondent challenged the sufficiency of the evidence and moved that the jury be discharged and the cause dismissed, and that judgment of dismissal be entered in the respondent's favor. The motion was argued by counsel for both parties and the matter submitted for decision, whereupon the following occurred:

"The Court: The court ordinarily is very slow to take a case away from the jury, but I deem it my duty to do so in this case. There cannot be any dispute about the rule of law because that is well established by a long line of decisions, that a man assumes the risks incident to his line of work. I think this case is one of the clearest of that I have ever seen in this court, for——(interrupted)

"Counsel for plaintiff: We ask for a voluntary nonsuit.

"Counsel for defendant: It is too late now, your Honor, I have made my motion.

"Counsel for plaintiff: I would like to have a voluntary dismissal and bring some other matters into the complaint that I was not aware of. It is not necessary to discuss them now.

"Counsel for defendant: We object to them, your Honor; the request was made after your Honor had announced his ruling. The request on my part was that you rule on the evidence before you and enter judgment of dismissal. I submit, counsel cannot sit by and anticipate your ruling and then ask for a voluntary nonsuit.

"Counsel for plaintiff: There is no decision to the effect that a man cannot, before judgment is entered, ask for a voluntary nonsuit."

Thereafter the court entered a judgment in conformity with the respondent's motion, and the appellant alleges two errors: (1) that the judgment of dismissal was erroneous; and (2) that the court erred in denying his motion for a voluntary nonsuit. By reason of the decision which we are to make upon the second point, we will not discuss the first.

At common law, the plaintiff was, at any time before final judgment, upon payment of costs, entitled to dismissal of his action. This common law right was restricted by the legislature of Washington Territory in 1854 (Laws of 1854, page 171, §§ 223 and 224), which acts have remained portions of the statutes of this state since that date and are now embodied in §§ 408 and 409, Rem. Code, and read as follows:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

"1. By the plaintiff himself, at any time before the jury retire to consider their verdict, unless setoff be interposed as a defense, or unless the defendant sets up a counterclaim to the specific property or thing which is the subject matter of the action;

"2. By either party, upon the written consent of the other;

"3. By the court, when the plaintiff fails to appear on trial, and the defendant appears and asks for a dismissal;

"4. By the court, when, upon the trial and before the final submission of [the] case, the plaintiff abandons it;

"5. By the court, on the refusal or neglect of the plaintiff to make the necessary parties, after having been ordered by the court;

"6. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence;

"7. By the court, for disobedience of the plaintiff to an order concerning the proceedings in the action;

"8. By the court, upon motion of the defendant, when, upon the trial, the plaintiff fails to prove sufficient cause for the jury."

Section 409:

"In every case other than those mentioned in the last section, the judgment shall be rendered on the merits."

In the case of *Somerville v. Johnson,* 3 Wash. 140, 28 Pac. 373, the question arose as to whether this act applied to equitable actions, and the court, interpreting the two sections together, held that § 409, although it refers to every case other than those mentioned in § 408, was not to be so interpreted as to bring equity actions within the operation of those two sections, for the reason that, to hold the contrary, would prevent the voluntary dismissal of an equitable action by the plaintiff, and decided that "we must look to the common law for the rule in such cases, which allows the complainant at any time before final decree, upon payment of costs, to dismiss his appeal." It does not appear that this court was thereafter called upon to pass on the question of whether a nonjury law action, or a jury action in which a motion had been made to take the case from the jury, were governed by the common law rule, or whether they would fall within the operations of §§ 408 and 409, although the logical conclusion to be drawn from the case of *Somerville v. Johnson,* above, is that the rule in such cases would be the same as that which governs equitable actions.

In 1895 the legislature passed an act (Laws of 1895, page 64, § 1) which now appears as § 340, Rem. Code, and reads as follows:

"In all cases tried in the superior court with a jury in which the legal sufficiency of the evidence shall be

challenged, and the court shall decide as a matter of law · what verdict should be found, the court shall thereupon discharge the jury from further consideration of the case, and direct judgment to be entered in accordance with its decision."

In the case of *Dunkle v. Spokane Falls & N. R. Co.*, 20 Wash. 254, 55 Pac. 51, a motion to discharge the jury was made after the plaintiff had rested his case, this motion being made in conformity with the section just quoted. After argument, the court granted the motion, whereupon the plaintiff moved for a voluntary nonsuit, and the court said:

"We are of the opinion, also, that section 4994 [now sec. 340], *supra*, which was adopted in 1895 (Session Laws, p. 64), was designed to correct well known abuses which arose under the former practice of permitting a plaintiff to dismiss his action and submit to a nonsuit, after a full and fair trial upon the merits; and we think the manifest purpose of the latter enactment was to permit the entry of a judgment which would constitute a bar. We can see no other purpose to be served by the legislation in question. We are agreed that at any time prior to an adverse decision upon such a motion, the plaintiff has the right to dismiss his action, but, when he elects to submit the motion for judgment to the determination of the court, he must take his chances upon such determination, and a subsequent application to dismiss comes too late. Subject to this right which a plaintiff has to dismiss his action at any time prior to a decision upon the merits of the case as made at the trial, we think the present practice as contemplated by section 4994 [now sec. 340] is a decided improvement over that which preceded it. It enables a case to be fully and fairly tried, and, when once decided upon its merits, makes that decision effectual as a bar to further proceeding upon the same cause of action. In reason, we think it should be so."

This case established the law as being that, when a motion has been made under § 340, after the court has

granted the motion, the plaintiff cannot then take a voluntary nonsuit. In other words, that the common law rule has been changed by § 340 in so far as that rule affected actions being tried to a jury where a challenge to the sufficiency of the plaintiff's evidence has been interposed. This case, however, did not determine the status of a plaintiff asking for a voluntary nonsuit after motion under § 340 had been interposed but before the court had granted such motion.

That status was involved in the case of *Williams v. Spokane,* 64 Wash. 484, 117 Pac. 251, where, at the close of the plaintiff's testimony, the defendant challenged the sufficiency of the evidence and asked for an order of dismissal. An extended argument pro and con was had upon this, and the court, after reviewing the testimony at considerable length, addressing counsel for plaintiff, gave his view of the law as follows:

"Well, those are the doubts that suggest themselves to me. I do not mean that my position is impregnable, but I am merely telling you what my position is, and if counsel care to present their case further in the morning upon that line, I will hear what you have to say about it. But those are my doubts and the doubts which you must remove to have a favorable ruling."

On the following morning the argument was resumed, and the plaintiff asked permission to reopen the case and introduce additional testimony, which motion was denied. Plaintiff's counsel then moved for a voluntary nonsuit, which was granted, the court being of the opinion that no decision had been announced before plaintiff's motion had been interposed. It was argued to this court, upon the appeal by the defendant, that plaintiff had no right to dismiss the cause when the proceedings had reached the stage which had given defendant a right against the plaintiff, and that this case had reached that stage when the defendant

had asked for judgment upon the merits in its favor, and when the defendant made its motion for judgment and the plaintiff rested. The case was then finally submitted to the court on a question of law and, therefore, the plaintiff was not entitled to dismiss his case, especially after the court had stated his view of the law which would control his ruling. This court, speaking through Judge Dunbar, said:

"The statute conferring the right of the plaintiff to take a voluntary nonsuit was made for the benefit of litigants who, through mistake or inadvertence, fail to get before the court or the jury all available testimony in the case, and to prevent a miscarriage of justice. It must be in the interest of justice that the court is permitted great discretion in matters of this kind, and there can be no virtue in the contention that this motion should not have been allowed by the court because a prior motion had been made for judgment on the testimony. The result of a lawsuit ought not to abide the result of a race between opposing counsel in making motions; and if the plaintiff was entitled to the motion for a nonsuit under all the circumstances of the case, he was as much entitled to it after the motion made by the defense as he was before. Justice demands that large discretion should be vested in the court in the trial of a lawsuit. The court has an undoubted right to hold one motion in abeyance until it decides another. It has a right to reopen a case and admit additional evidence, when it can determine from the whole proceedings in the case that a failure to do so would work an injustice. It has a right to recall witnesses for further examination; to allow witnesses to correct their testimony; to admit irrelevant testimony on a promise to subsequently show relevancy, etc. It is said by Thompson on Trials, page 310, in giving a review of the large discretionary powers of a court, that the court may allow a party to introduce further evidence, after the testimony is closed on both sides, after a demurrer to the evidence has been made, after the argument has commenced, and even after the argu-

ment has closed. We have examined the record in this case, and think that the court plainly had discretionary power to grant the motion for a nonsuit, and that such discretion was not abused.''

The decision in that case established the law as being that, after a motion by defendant under § 340 has been made, and before a final ruling thereon by the trial judge, plaintiff might interpose a motion for a voluntary nonsuit, and that such motion would be held to be timely. The court, however, seems to have indicated that the granting or denying of such motion was a matter within the discretion of the trial court. With this view we cannot agree, for the reason that the plaintiff had, at common law, an absolute right to a dismissal at any time before final judgment, and § 340 only limits that right to the extent that it should be asserted before the court has passed upon the motion challenging the sufficiency of the plaintiff's evidence. In other words, that the time for making the plaintiff's motion had been shortened, but the nature of that motion was not changed, nor the absolute right of the plaintiff to have that motion granted abridged.

In *State ex rel. Stone v. Superior Court,* 97 Wash. 172, 166 Pac. 69, we said:

''After the challenge to the sufficiency of the evidence has been sustained, even though no formal judgment has been entered from which an appeal could be prosecuted, the plaintiff cannot thereafter take a voluntary nonsuit.''

This case recognizes the rule as announced in *Dunkle v. Spokane Falls etc.,* above, without referring to *Williams v. Spokane,* above, so that we may say that the law has been established that a plaintiff may take a voluntary nonsuit in a law action tried to a jury after a challenge to the sufficiency of his evidence, under § 340, if the plaintiff makes his motion for voluntary

nonsuit before the ruling by the court upon defendant's motion.

The question, then, in this case comes to this: Had the court proceeded to that point where it had passed upon the defendant's motion before the plaintiff asked for a voluntary nonsuit? Without any exceptional imagination, we can foresee the uncertainty which may exist in numerous instances and, although we realize that, as Judge Dunbar in *Williams v. Spokane,* above, said, "The result of a lawsuit ought not to abide the result of a race between opposing counsel in making motions," still it does not seem possible to escape the conclusion that, until the judge has finally and conclusively announced his decision upon the defendant's challenge, it is within the plaintiff's rights, up to that moment, to move for a voluntary nonsuit. Now the participants in the race have changed, and the race is on between the attorney for the plaintiff and the trial judge. The attorney may sit by and allow the judge to express his views in regard to the law and the facts, and indicate which way he is about to rule on the pending motion; but, up to the moment that that ruling is specifically made, the attorney may interpose his motion for a voluntary nonsuit. As we say, the result may be a race between plaintiff's counsel and the court, and in the case of a trial judge who rules upon motions without entering into any preliminary explanation of the manner in which he is about to rule, the plaintiff may be prevented from presenting his motion; still, if the law is as we have determined it to be, that is one of the perils of litigation for which there seems to be no life-saving apparatus yet provided. In the instant case, counsel for the plaintiff, by succeeding in interrupting the trial court, after seeing that that court's reasoning was to be disastrous to the plaintiff's cause,

must be held to have presented his motion in time, he having forestalled the court's decisive announcement on defendant's motion.

In *Lawrence v. Shreve*, 26 Mo. 492, the court considering a similar question under a statute, however, which provided, "that the plaintiff shall be allowed to dismiss his suit or take his nonsuit at any time before the same is finally submitted to the jury or to the court or to the court sitting without a jury," said:

"When a case is tried by a jury it has been the uniform construction of this law, in practice, to allow a party to get the opinion of the court upon the law of his case in the form of instructions and then withdraw his suit if that opinion is unfavorable. The same opportunity ought to be afforded in case where the court is permitted to decide the law and try the facts as a jury, if the parties request a declaration of the law from the court."

This seems to support the rule we have just announced. The defendant, by his challenge to the sufficiency, asks for a declaration of the law as it is applicable to the facts, and after the court has expressed its opinion, the plaintiff is entitled to a voluntary nonsuit, provided the motion is made before the actual ruling of the court.

"After the trial judge had decided these questions, the plaintiff had no more right to withdraw his case, than he would have had if the case had been submitted to the jury on the facts, and a verdict had been returned." *Huntt v. McNamee*, 141 Fed. 293.

"The statute provides, that, 'An action may be dismissed without prejudice: *First.* By the plaintiff, before the jury retire; or when the trial is by the court, at any time before the finding of the court is announced.' 2 R. S. 1876, page 184, sec. 363.

"It would seem to have been the intention of the Legislature, that a plaintiff should not dismiss his action, where the trial is had by the court, after the

finding is announced. If he could do this, he could secure the benefit of two trials in the same cause, by commencing his action anew, the first finding being against him." *Walker v. Heller,* 56 Ind. 298.

As we have seen, this court has interpreted §§ 340, 408 and 409 to operate as the Indiana statute expressly provides. A contrary rule seems to have been announced in *Livergood v. Rhoades,* 20 Ind. 411, the opinion in that case being as follows:

"Rhoades sued Swan, Livergood and another, on a note payable in 'live stock.'

· "The answer of Livergood, among other matters, set up that Swan was the principal, and the others sureties only; that he had tendered 'live stock' on, etc., and also payment by Swan.

"During the progress of the trial a bill of exceptions was taken by the defendant, Livergood, which shows that, 'on the trial, and after all the evidence was introduced, and the argument of counsel and submission to the Court for decision upon the facts and the law of the case, the court proceeded to give a decision thereon, and after summing up the evidence in said cause, and stating the law of the case, as applicable to the defendant, Livergood, announced that upon the law and evidence the defendant, Livergood, was discharged as surety upon the note sued on; that while the court was pronouncing its conclusions upon the law and evidence, as to Livergood, and at the close thereof, the plaintiff interposed no motion for a nonsuit; but afterwards, when the court was proceeding to the consideration of the case as between the plaintiff and the principal defendant in said note, and had stated that the plaintiff could not recover against the said Swan until he had made a demand, because he, Swan, had offered to deliver live stock to the plaintiff in discharge of the note, and agreed that if Swan would not insist upon his offer, as the plaintiff did not want to winter the stock, he would not hold him liable as upon a money demand, and he might pay the note in stock as it became due.'

"The bill of exceptions then proceeds to show that the Court permitted the plaintiff, at that stage of the proceedings, to dismiss his cause, on the ground, the Court say, 'that there has been no finding by the Court,' but the declaration made was only an argument of the Court in coming to a finding, etc.

"The question presented to us is, whether the motion interposed by the defendant Livergood, to have a judgment in his favor ought to have prevailed over a motion of the plaintiff to dismiss his case.

"We are of the opinion that the motion to dismiss came too late, because the facts set forth show that there had, substantially, been such an announcement of the finding of the Court, upon the questions submitted, as precluded the plaintiff from the control of the case in that respect."

This case was subsequently distinguished by the Indiana court on the ground of there having been two defendants, and the plaintiff had allowed the court to pronounce its conclusion as to one of them; therefore, the plaintiff was too late with his motion when the court was considering the case as between the plaintiff and the other defendant. In *Cohn v. Rumely*, 74 Ind. 120, the court held that the announcement by the court in order to bar the plaintiff's right to a nonsuit, must be made orally in open court or by means of a public record which would bring the ruling to the knowledge of the parties. In *Burns v. Reigelsberger*, 70 Ind. 522, the court held that the language used by the court, after the argument by counsel, in stating that there was a lack of evidence necessary to sustain the plaintiff's cause could not be fairly construed to have been an announcement of the court's ruling, and therefore that the motion was properly made by the plaintiff for a voluntary nonsuit after the court's remarks.

In *Crafton v. Mitchell*, 134 Ind. 320, 33 N. E. 1032, the court held that, where a trial court states what a special finding in a case will be when written, such

announcement is not a decision of the court, and not-
withstanding such announcement the case may be dis-
missed by the plaintiff before the written finding is
made.

Corpus Juris, vol. 18, p. 1156, states the rule as
follows:

"Whether plaintiff may dismiss after a motion has
been granted to direct a verdict for defendant is a
question upon which there is some conflict of opinion.
According to some authorities it is too late after such
motion has been granted, although the verdict has not
been actually signed, or even after a motion has been
made to direct a verdict for defendant. But according
to other authorities a dismissal or nonsuit may be
taken notwithstanding a motion for a directed verdict
for defendant has been sustained if the jury has not
retired, especially where defendant presented no wit-
nesses and raised only legal questions; or after a mo-
tion for a verdict and intimation by the court that it
will sustain the motion, but before any entry to that
effect or any direction to the jury to return a verdict."

In 9 R. C. L. 195, it is said:

"The general rule is that, in an action tried by the
court without a jury, a plaintiff, after a finding or de-
cision by the court has been announced, cannot as of
right dismiss his action. In order that an announce-
ment of a finding may be sufficient to bar a plaintiff's
right to dismiss his action, the mere entry by the judge
on his docket is not sufficient, but it must be made
orally, in open court, or by means of a public record,
or in some manner which will give notice of the ruling
to the parties, as, for instance, by entering it upon the
order book or minute docket of the court. A mere
intimation by the court as to what its judgment will
be has been held not such an announcement of a find-
ing as will preclude a plaintiff's right to take a dis-
missal, nor can language of the court, in speaking of
the evidence necessary to sustain one branch of the
case, be construed to be such an announcement. A mo-
tion to dismiss comes too late, however, where the

court has, after the submission of the cause, announced its decision to be adverse to the plaintiff, or announced that the plaintiff is not entitled to a decree. On this point the authorities are at variance, however, for the rule has been declared that the plaintiff has the right to take a nonsuit after the court has announced its opinion and before a note thereof be entered.''

The respondent has moved for an order striking the statement of facts for the reason that it was not filed within time. It appears that the appellant obtained an *ex parte* order extending the time for the filing of the statement of facts, which order was obtained within thirty days after the entry of judgment, and that the date upon which the certificate was made was well within ninety days from the entry of the judgment. The certificate of the judge shows:

''Counsel for the respective parties being present and concurring herein, I have this day signed this statement of facts.''

The respondent, in answer to notice of settlement on that day, having been present in court and having made no objection to the settlement or the proposed extension of time, he must be held to have waived all defects in those regards. As we said in *Boyer v. Boyer*, 4 Wash. 80, 29 Pac. 981:

''To strike the statement of facts, under the circumstances of this case as shown by the certificate of the judge, would be equivalent to holding that notice could not be waived, and that the parties to an action could not with the consent of the court stipulate that the statement of facts could be settled after the time pointed out by the statute, which we are not prepared to hold.''

The judgment of the trial court will be reversed and the cause remanded with direction to grant the appellant's motion for a voluntary nonsuit.

HOLCOMB, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.