[No. 20103.  Department Two.  January 6, 1927.]

IVAN ALANZO STUDLEY, *Respondent,* v. STELLA STUDLEY,
*Appellant.*[1]

[1] DISMISSAL AND NON-SUIT (1, 2)—VOLUNTARY, CONDITION OF
CAUSE—BEFORE FINAL ADJUDICATION. After oral decision in
favor of a party, he may waive his rights and dismiss ap-
plication for relief under a cross complaint, at any time before
judgment; and this is especially true in a divorce case.

Appeal from a judgment of the superior court for
King county, Kinne, J., entered March 19, 1926, upon
findings in favor of the defendant-cross-complainant,
after the voluntary dismissal of her action. Reversed.

*J. L. Corrigan* and *L. J. Esterman,* for appellant.
*Rummens & Griffin* and *Hastings & Rubens,* for re-
spondent.

TOLMAN, C. J.—Respondent, as plaintiff, brought
this action, alleging in his complaint grounds for di-
vorce under our statute, asking that he be awarded the
custody of the daughter of the parties and that the mar-
riage be dissolved according to law. Appellant, as
defendant below, appeared by answer and cross-com-
plaint denying the material allegations of the com-
plaint and setting forth allegations which, if true,
would entitle her to a divorce. She prayed for a dis-
missal of the plaintiff's complaint, for a divorce on her
cross-complaint and for the custody of the two minor
children, and such provision for the support of herself
and the children as might be just.

It appears, by admissions made here in open court
and by a memorandum brief filed by counsel for re-
spondent, that, at the trial below, after all of the evi-

¹Reported in 252 Pac. 99.

dence of both parties had been presented, the trial court announced that he would deny the plaintiff any relief upon his complaint; that he would find the defendant entitled to a divorce on her cross-complaint and would give the plaintiff the custody of the daughter and the defendant the custody of the son. At that time, before any findings of fact, conclusions of law or decree were entered or filed, and without applying to the trial court for leave so to do, the defendant filed an amended answer, withdrawing her cross-complaint, denying the plaintiff's allegations and praying for a dismissal of the plaintiff's complaint with costs to her only; which answer appears in the transcript. Afterwards, and before any further action by the court, this amended answer was served on the plaintiff's attorneys. That this action by the defendant was called to the attention of the trial court before any findings were made or any written order entered, can not be doubted; though, for reasons which will hereafter appear, we can not refer to the statement of facts for a record of all that then transpired. Thereafter, the trial court made findings of fact, conclusions of law and entered an interlocutory decree in accordance with his previous oral announcement, and this appeal by the defendant followed.

Shortly before the day set for the hearing of the case in this court, the appellant secured an order from this court, directed to the trial judge, requiring him to refrain from acting upon the motion of the respondent made in the court below to strike his certificate from the statement of facts in the case and to show cause, etc., which show-cause order was heard with the case on the merits.

The transcript, aided by admissions of counsel, in open court, furnishes all that is necessary to enable us

to dispose of the case. We shall therefore not examine, into the controversy concerning the statement of facts or decide whether or not the show-cause order was justified. That order served a purpose in preserving the record in *status quo* pending the hearing, and is now discharged without costs to either party.

[1] In disregarding appellant's withdrawal of her cross-complaint and proceeding to grant the relief which she had originally asked, notwithstanding her change of position, and over her protest, the trial court was misled, and perhaps excusably so, by what was said by this court in *Kosinski v. Hines*, 110 Wash. 25, 187 Pac. 712. That was a case where the parties sought to avoid an adverse ruling, and we reaffirm that doctrine in its entirety. Here the appellant withdrew her application for affirmative relief and sought to prevent a ruling in her favor. The two situations are clearly distinguishable upon principle. We know of no valid reason why, at any time before judgment, a party may not in such a case waive his rights to relief and withdraw or dismiss his application therefor, whether it be a complaint or a cross-complaint. This ought to be especially true in a divorce action, since the party not at fault should not be forced to submit to a divorce against his will. The authorities so hold: *Milliman v. Milliman*, 45 Colo. 291, 101 Pac. 58, 132 Am. St. 181, 22 L. R. A. (U. S.) 999; *Coon v. Coon*, 163 Mich. 644, 129 N. W. 12; *Brodsky v. Brodsky*, 164 Minn. 102, 204 N. W. 915.

The judgment appealed from is reversed and the cause remanded with directions to enter a judgment dismissing the action with costs to the defendant.

BRIDGES, ASKREN, PARKER, and MACKINTOSH, JJ., concur.