# CHARLESTON.

BETHLEHEM CONSTRUCTION COMPANY *v.* PEOPLES BANK OF KEYSER WEST VIRGINIA

(No. 5575)

Submitted May 11, 1926.     Decided June 7, 1927.

BILLS AND NOTES—DISMISSAL AND NON SUIT.

> Points 1 and 2 of the syllabus in *International Bank* v. *Peoples Bank of Keyser, West Virginia,* cited in· the opinion, followed.
>
> (Bills and Notes, 8 C. J. § 1358; Dismissal and Nonsuit, 18 C. J. § 22.)
>
> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi).

Error to Circuit Court, Mineral County.

Action by the Bethlehem Construction Company by notice of motion for judgment against the People's Bank of Keyser. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*R. A. Welch* and *Edmund R. Castellucci,* for plaintiff in error.

*Taylor Morrison* and *Charles N. Finnell,* for defendant in error.

LITZ, JUDGE:

This is an action by notice of motion for judgment on a certificate of deposit for $10,000.00 fraudulently issued by T. D. Leps, as cashier of the defendant, Peoples Bank of Keyser, Keyser, West Virginia, to Adolph Segal, in the words and figures following, to-wit:

> "CERTIFICATE OF DEPOSIT
> PEOPLES BANK OF KEYSER
>
> No. 314          Keyser, W. Va., Dec. 30, 1921.
>     Adolph Segal has deposited in this bank Ten Thousand Dollars Payable to the order of Himself with interest at 3 per cent. per annum for 120 days on return of this Certificate properly endorsed.
>     Not subject to check.
> $10,000.00.                    T. D. LEPS,
>                                             Cashier."

Similar certificates of deposit issued by Leps as cashier of the defendant bank were involved in *Maryland Finance Corporation* v. *Peoples Bank of Keyser,* 99 W. Va. 230, *Merchants Banking & Trust Co.* v. *Peoples Bank of Keyser,* 99 W. Va. 544; and *International Bank* v. *Peoples Bank of Keyser,* decided at this term.

At the trial, before the court in lieu of a jury, it appeared from the evidence of witnesses for the plaintiff that its vice-president and general manager, J. H. Schoenley, without inquiry obtained the certificate from Segal in December, 1921 (the day of, or after, its purported issue), as a credit on a worthless check which Segal had theretofore issued and delivered to the plaintiff. Schoenley delivered the paper to E. E. Wallace, treasurer and secretary of the plaintiff, who in turn delivered it to the treasurer of the Bethlehem Trust Company of Pittsburgh, with the request that he ascertain whether it was of any value. Another officer of the Trust Company communicated, by telephone and letter, with Leps, who advised that the certificate would be paid at its maturity, 105

days from date. Two similar certificates, for $10,000.00 each, were delivered by Segal to Schoenley at the same time.

After the entry of an order, at the conclusion of the evidence, submitting the case for decision, and before the court had announced its finding, plaintiff moved to dismiss the action without prejudice, and for permission to suffer a non-suit, which motions, being resisted by the defendant, were overruled; and the court having maturely considered its judgment and argument of counsel, found for the defendant and entered judgment accordingly.

Complaining of the judgment below, the plaintiff contends the trial court committed error: (1) in overruling its motions, and (2) in finding and entering judgment for the defendant.

The plaintiff in an action at law will not be permitted to suffer a non-suit or dismiss his action without prejudice after the case has been submitted for decision to the court, sitting in lieu of a jury. *Commonwealth Pipe & Supply Co.* v. *Nitro Products Corporation,* 95 W. Va. 13; *Harrison* v. *Clemmens,* 112 Va. 371, 71 S. E. 538; *Charleston Trust Company* v. *Todd et al.,* 101 W. Va. 31, 131 S. E. 638; *International Bank* v. *Peoples Bank of Keyser,* cited.

The evidence does not warrant the conclusion that the plaintiff, through its officer Schoenley, accepted the paper at its face value believing that it was valid. Wallace, to whom Schoenley delivered it, says he took it to the Trust Company and asked the Treasurer to ascertain if it was "any good." In the face of the fact that Segal was unable to meet a check he had just previously issued and delivered to it, the plaintiff, in accepting the paper, certainly would not have been justified in assuming that Segal had on that day or the day before placed $30,000.00 in cash on time deposit in a small town bank in a foreign State. The transaction between Schoenley and Segal occurred in the office of the latter in Pittsburgh, Pennsylvania. The burden was on the plaintiff to prove that it is a holder in due course. Section 59, Chapter 98-A, Code; *Maryland Finance Corporation* v. *Peoples Bank of Keyser, Merchants Banking & Trust Co.* v. *Peoples Bank of Keyser,* and *International Bank* v. *Bank of Keyser,* cited.

Giving due consideration to the finding of the trial court, we are of opinion to affirm the judgment thereon in favor of the defendant.

*Affirmed.*