[No. 20708.   Department Two.   October 4, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Western Stevedore Company, Plaintiff,* v. ROBERT M. JONES, *Judge, Respondent.*[1]

[1] DISMISSAL AND NONSUIT (3)—CONDITION OF CAUSE—RIGHT TO TAKE NONSUIT OR DISMISSAL. Where the court plainly indicates that it must grant defendant's motion for dismissal on the merits, the only motion pending, his closing statement that a "non-suit" will be granted, to which plaintiff excepted, cannot be construed as the granting of a voluntary nonsuit.

[2] SAME (3).  After the court has ruled, sustaining defendant's challenge to the sufficiency of the evidence, on a motion to dismiss on the merits, it has no power, on its own motion, to grant a nonsuit, without prejudice.

[3] MANDAMUS (4)—WHEN LIES—REMEDY BY APPEAL.  The remedy by appeal is inadequate, and mandamus lies to compel a superior court to enter a judgment of dismissal, with prejudice, after sustaining a challenge to the sufficiency of plaintiff's evidence.

Application filed in the supreme court, June 7, 1927, for a writ of mandamus to compel the superior court for King county, Jones, J., to dismiss an action upon the merits.  Granted.

*Stephen V. Carey* and *R. E. Bigham,* for relator.
*William Martin,* for respondent.

FRENCH, J.—One Joseph Miller brought an action against the Western Stevedore Company for damages on account of personal injuries.  The case came to trial.  At the close of the plaintiff's evidence, the following occurred:

"MR. CAREY:  At this time, the defendant, at the close of the plaintiff's evidence, challenges the sufficiency of the evidence, and moves for a judgment in favor of the defendant upon the ground,

[1] Reported in 259 Pac. 718.

"That the plaintiff has failed to prove any negligence alleged in the complaint, and has failed to prove any actionable negligence of the defendant. This is a case where a stevedore is injured in the hold of a ship, the ship being afloat in the water; and therefore is a case which is governed by the maritime law.

"It is not necessary to argue the matter, or re-argue a proposition which I think has already been argued to Your Honor a number of times in the last year and a half. [Argument of counsel.]

"THE COURT: I do not think that this is a sociological question, nor whether or not the court feels inclined or disinclined to take the case from the jury. It is merely a question of whether or not in this case the plaintiff has so sustained the burden of proof that the burden of further proceeding falls upon the defendant. Now, the allegation of negligence that the plaintiff is here relying upon is that the defendant is guilty of negligence in not removing the timber where it was stowed on the coal or in the coal. There is no evidence at all that there was anything to suggest to the defendant stevedoring company, or the employee, that this timber was a part of the cargo there stowed and was in that place; and the fact that these men working very close to it, experienced men, did not see it gives to it, very clearly to me, the status of a latent rather than an obvious situation; nor does it appear that the defendant made an investigation before the unloading of this cargo of coal started, or that such an investigation would have disclosed the presence of the timber.

"I think the case falls within the rule contended for by the defendant; and that there was nothing here calling the attention of the defendant to the situation; or, in other words, making it any active negligence. A judgment of non-suit will be granted. MR. MARTIN: Exception. THE COURT: Yes, exception allowed. Bring in the jury. [Jury returned to the jury box.]

"THE COURT: Members of the jury: The court having decided a question of law in favor of the defendant, you are excused from any further consideration of this case. Jury excused."

The jury were thereupon discharged from further consideration of the case. The following day, a motion for a new trial was filed. On May 14, the motion was denied. Proposed judgment of dismissal upon the merits was presented by defendants, but, upon plaintiff's objection, the court announced that the defendant's request for judgment on the merits would be denied and plaintiff's request for a judgment of dismissal, without prejudice, as of a voluntary nonsuit, would be granted. The defendant thereupon applied to this court for a writ of mandamus ordering the trial court to enter a dismissal upon the merits.

Respondent, in seeking to uphold the action of the trial court, has advanced two main grounds in support thereof.

[1] It is first contended that the court, having used the words "a judgment of non-suit will be granted," did not in fact pass upon the merits of the evidence offered by the plaintiff in the action. This position, however, is untenable. A reading of the record which we have just set out shows that the only motion before the court was a motion by the defendant challenging the evidence and asking for a judgment in its favor. There was no motion for voluntary nonsuit by the plaintiff and, indeed, when the court made its ruling, the plaintiff, being dissatisfied therewith, took an exception. This the plaintiff would not have done had it considered that the ruling was in response to its own motion or in its favor.

[2] It seems to be contended by respondent in the brief that, although there was no motion for a voluntary nonsuit presented, the court could, of its own volition, have directed a voluntary nonsuit to be entered and dismissed the jury. With this suggestion we are unable to agree. The plaintiff might take a voluntary nonsuit at any time before the court ruled on the suf-

ficiency of the evidence, when it has been challenged
by the defendant. But when a ruling is once made,
it is too late to entertain such a motion. To say
that the court may sustain a challenge to the evi-
dence and, at the close of its ruling, grant a voluntary
nonsuit, is to grant to the court power at its own
suggestion that it cannot exercise upon request of the
plaintiff. *Dunkle v. Spokane Falls & N. R. Co.*, 20
Wash. 254, 55 Pac. 51; *State ex rel. Stone v. Superior
Court*, 97 Wash. 172, 166 Pac. 69; *Kosinski v. Hines*,
110 Wash. 25, 187 Pac. 712.

. [3] It is next contended that mandamus will not
lie because there is an adequate remedy by appeal.
We have already held to the contrary in *State ex rel.
Stone v. Superior Court, supra,* where the trial court,
after granting the motion by one of the defendants in
an action which challenged the sufficiency of the evi-
dence, later refused to enter the judgment because of
misconduct of a juror which compelled a re-trial of
the cause. It was contended in that action that man-
damus would not lie because there was an adequate
remedy by appeal. We disposed of it in the following
language:

"It was the duty of the court to so dismiss her, and
to require the performance of this duty, the writ of
mandamus is the proper remedy, as above seen, pro-
viding there is not a plain, speedy and adequate
remedy by appeal. If the retrial should proceed
against both of the defendants, presumably the tran-
script of the evidence upon the former trial would not
be used, but the evidence would be again taken in
court. The evidence upon the first trial might not be
sufficient to sustain a verdict against Mrs. Bringgold,
while that upon the second trial would be sufficient.
If the judgment requested should be entered, the
plaintiff would have a right to appeal therefrom and
have the correctness of the ruling reviewed. If, upon
the second trial, Mrs. Bringgold should be again dis-

missed out of the action, the plaintiff would have a right to appeal from that judgment. If, upon such an appeal, this court should be of the opinion that the evidence was sufficient to carry the question to the jury, it would be returned for a new trial after, upon the former trial, she had been dismissed out of the action upon the record, which neither party could get before this court unless the trial court signs the judgment requested. Under this situation, it cannot be said that the remedy by appeal is adequate."

There is no difference between that action and the present one, save the reasons given by the trial court for refusing to enter the judgment of dismissal. In this case, as in that one, the reason given was insufficient as a matter of law.

Let the writ issue.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and PARKER, JJ., concur.