[No. 22914.   Department Two.   March 4, 1931.]

A. J. BUZARD, *Respondent,* v. THE CITY OF SEATTLE,
*Appellant.*[1]

*A. C. Van Soelen* and *C. C. McCullough,* for appellant.

*Geo. H. Crandell,* for respondent.

BEELER, J.—Plaintiff brought this action to recover damages for personal injuries. He prayed for judgment in the sum of ten thousand dollars. The case was tried to the court and jury, and resulted in a verdict in his favor in the sum of one thousand dollars. The verdict was filed of record September 9, 1930. Thereafter, defendant interposed a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial. These motions came on for argument before the trial court on September 20, 1930, at which time the defendant waived its motion for a new trial, to which waiver the plaintiff consented, which

[1]Reported in 296 Pac. 564.

left, as the only matter pending, defendant's motion for judgment notwithstanding the verdict. Before argument on that motion, plaintiff made a motion for a voluntary nonsuit and dismissal without prejudice, and with costs to the defendant. Thereupon, the court entered a formal order dismissing the action without prejudice, and with costs to the defendant, from which order the defendant has appealed.

The single question raised by this appeal is: Can the court, after verdict, on motion of the prevailing party, enter a nonsuit or dismissal of the action without prejudice? This precise question has not been presented to this court heretofore. The evolution of the principle or rule as to the right of a plaintiff to a voluntary nonsuit or dismissal after verdict, is treated rather exhaustively in Ann. Cas. 1913D 525. We quote:

"Under the early English law a plaintiff could take a nonsuit after a general verdict 'if he did not like his damages,' *Keat v. Barker,* 5 Mod. 208; but subsequently by statute (2 Hen. IV, c. 7) it was ordained 'that after verdict a plaintiff shall not be nonsuit,' *Keat v. Barker, supra.* Under the early English practice a plaintiff or complainant in an action or proceeding also had the right voluntarily to discontinue or dismiss his action even after trial and an adverse decision, *Washburn v. Allen,* 77 Me. 344, 346. But the injustice of the rule to a defendant and a purpose to protect his rights brought modification by acts of Parliament and decisions of the courts, so that finally it became settled at common law that a plaintiff could not dismiss as a matter of right where it would prejudice the rights of the defendant acquired in the due course of the action. *Floody v. Great Northern R. Co.,* 104 Minn. 517, 116 N. W. 107, 932; *Probate Judge v. Abbott,* 13 N. H. 21."

An examination of the cases there treated will disclose that the overwhelming weight of authority is to the effect that the prevailing party is not entitled, as a matter of right, after verdict, to a voluntary nonsuit.

The Session Laws of 1929, ch. 89, p. 172, provide:

"Sec. 1. An action in the superior court may be dismissed by the court and a judgment of nonsuit rendered in the following cases:

"1. Upon the motion of the plaintiff, (a) when the case is to be or is being tried before a jury, at any time before the court announces its decision in favor of the defendant upon a challenge to the legal sufficiency of the evidence, or before the jury retire to consider their verdict, . . .

"8. . . . In every case, other than those mentioned in this section, the judgment shall be rendered upon the merits and shall bar another action for the same cause."

This statute is plain, unambiguous, and obviates construction. The statute is decisive of the question here raised. It expressly provides that a nonsuit or dismissal may be taken by the plaintiff at any time *"before the jury retire to consider their verdict,"* but if a voluntary nonsuit is not taken before the jury retire to consider their verdict, then *"judgment shall be rendered upon the merits and shall bar another action for the same cause."*

In the case before us, the jury had returned a verdict in favor of the respondent. Feeling aggrieved, apparently with the amount of the award, respondent sought to evade or circumvent the verdict, and, over appellant's objections, obtained a dismissal without prejudice, with the hope that he might recover a greater amount in the future. To hold that the respondent, as a matter of right, was entitled to a voluntary nonsuit after verdict, would permit him to subject appellant to a second trial, and, if again dissatisfied with the verdict, then to a third trial, or any additional number of trials, until he succeeded in recovering a verdict for an amount he deemed to be sufficient. This would place in the hands of an eager and persistent litigant an

instrument to thwart and defeat justice. The statute was enacted to prevent just such a situation.

The law is well settled in this state that a party plaintiff may take a voluntary nonsuit at any time, either before or after a challenge to the sufficiency of plaintiff's evidence has been interposed, if taken before an adverse ruling is made by the court. But the law is equally well established that a party plaintiff loses his right to a voluntary nonsuit, after an adverse ruling by the court on a motion challenging the legal sufficiency of his evidence. *Dunkle v. Spokane Falls & Northern R. Co.,* 20 Wash. 254, 55 Pac. 51; *Kosinski v. Hines,* 110 Wash. 25, 187 Pac. 712. The reason for the rule, which prevents a plaintiff from taking a voluntary nonsuit after a challenge to the legal sufficiency of the evidence has been sustained, applies with equal, if not with greater, force to the case under consideration, for the reason that here the merits of the controversy had been determined by the verdict of the jury.

But respondent relies on the case of *Studley v. Studley,* 141 Wash. 531, 252 Pac. 99, as an authority to fortify and buttress the ruling of the trial court. Clearly, the Studley case is not in point. There the husband sought a divorce. The wife answered, and set up a cross-complaint, in which she prayed for a decree. At the conclusion of the trial, the court orally announced its findings, denied plaintiff any relief, and found in defendant's favor on her cross-complaint. Thereafter, and before the findings of fact, conclusions of law, or decree were entered or filed, and without applying to the court for leave so to do, the defendant filed an amended answer, denying plaintiff's allegations, but eliminated the allegations in her cross-complaint and prayed for a dismissal of plaintiff's action. The amended answer was served on plaintiff's attorneys. Thereafter the trial court made findings of fact, con-

clusions of law, and entered an interlocutory decree in accordance with its previous announcement, from which the defendant prosecuted her appeal. In distinguishing the *Studley* case, *supra,* from the *Hines* case, *supra,* we said:

"In disregarding appellant's withdrawal of her cross-complaint and proceeding to grant the relief which she had originally asked, notwithstanding her change of position, and over her protest, the trial court was misled, and perhaps excusably so, by what was said by this court in *Kosinski v. Hines,* 110 Wash. 25, 187 Pac. 712. That was a case where the parties sought to avoid an adverse ruling, and we reaffirm that doctrine in its entirety. Here the appellant withdrew her application for affirmative relief and sought to prevent a ruling in her favor. *The two situations are clearly distinguishable upon principle.* We know of no valid reason why, at any time before judgment, a party may not in such a case waive his rights to relief and withdraw or dismiss his application therefor, whether it be a complaint or a cross-complaint. *This ought to be especially true in a divorce action, since the party not at fault should not be forced to submit to a divorce against his will."* Studley v. Studley, 141 Wash. 531, 252 Pac. 99. (Italics ours.)

For the reasons assigned, the order of the lower court is reversed and the cause remanded, with directions to dispose of appellant's motion for judgment notwithstanding the verdict. It is so ordered.

TOLMAN, C. J., MILLARD, BEALS, and FULLERTON, JJ., concur.