SADIE M. LYKENS, *Admx., etc. v.* S. CLYDE JARRETT *et al.*

(No. 9193)

Submitted October 14, 1941. Decided November 4, 1941.

H. D. *Rollins,* for plaintiff in error.

B. J. *Pettigrew, Ritchie, Hill & Thomas* and *Salisbury, Hackney & Lopinsky,* for defendant in error.

Fox, JUDGE:

Proceeding under Code, 55-7-5, Sadie M. Lykens, ancillary administratrix of the estate of Maxine Wilburn Collier, instituted her action of trespass on the case against S. Clyde Jarrett and Edgar C. Bourne, in the Circuit Court of Kanawha County. The defendants filed their plea of not guilty, and on the issue joined, the court proceeded to try the case before a jury. At the conclusion of the plaintiff's evidence, the court and counsel retired to the court's chambers, where, out of the presence of the jury, a motion was made by counsel for the defendant, S. Clyde Jarrett, that a verdict be directed in his favor; and the court without any preliminary remarks, so far as the record discloses, then stated: "I will sustain the motion as to the defendant Jarrett." Counsel for the plaintiff

immediately said, "Your Honor, before the court directs the verdict, I desire to take a non-suit, as I have that right."; to which counsel for Jarrett replied, "No, not after the court has ruled; we don't think so."; whereupon the court said, "I will have to pass on that later, * * * as to just what your rights are with regard to taking a non-suit." Immediately following this colloquy in chambers, the trial of the case was resumed in the hearing of the jury, and the court stated to the jury the fact of the motion made to dismiss the case as to Jarrett, and stated his reasons for sustaining the motion, closing his remarks with this statement: "I would not feel warranted in sustaining the verdict against the defendant Jarrett, should one be found against him, and you will accordingly be directed at the conclusion of this case to return a verdict in his favor." The trial was resumed and, presumably, the evidence introduced was on behalf of the defendant Bourne. There is nothing in the record showing any further action in the case as to Jarrett, except the jury verdict which was, "We, the jury, find for the plaintiff against the defendant, Edgar C. Bourne, and assess her damages at Twenty-five Hundred ($2500.00) Dollars, and we, the jury, at the direction of the court find for the defendant, S. Clyde Jarrett." Subsequently, the plaintiff made a motion to set aside the verdict as to the defendant Jarrett, and to permit her to take a non-suit as requested in chambers, which motion the court took time to consider, but later overruled, and rendered judgment in favor of said defendant Jarrett. To such action of the court, the plaintiff prosecutes this writ of error.

At common law a plaintiff had the right to take a non-suit at any time before verdict, and by analogy we would say that where a case had been submitted to the court in lieu of a jury, the right to take a non-suit continued up to the time the court announced its decision thereon. Our statute, Code, 56-6-25, provides that "A party shall not be allowed to suffer a non-suit unless he do so before the jury retire from the bar," which, as we understand, is but another way of stating that he has such right at any time before the jury retires. Under this statute it has been

held that, "Plaintiff in an action at law will not be permitted to suffer a non-suit or dismiss his action without prejudice after the case has been submitted for decision to the court, sitting in lieu of a jury." *International Bank* v. *Peoples Bank of Keyser,* 103 W. Va. 597, 138 S. E. 745.

The case before us is not one submitted to the court in lieu of a jury. Here, there was a regular jury trial, and motion to direct a verdict for one of the defendants heard out of the presence of the jury. Such a motion did not operate to submit the matter to the court in lieu of a jury. Such a course could have been taken only by waiver of a jury, or other agreement of the parties. The motion was one which the defendant had the right to make, and which the plaintiff was helpless to prevent. The mere making of the motion did not require plaintiff to elect as to whether she would test her case thereon, or submit to a non-suit. She had a right to await the action of the court before determining her course. She did determine her course promptly when the court announced its decision to sustain the motion. She had no opportunity to make her motion for a non-suit prior to the court's announcement that he would sustain the motion. However, it seems to have been understood, at least by counsel for plaintiff, that something more was required of the court before its action became effective, because the request was that before a verdict was directed, the plaintiff be allowed to take a non-suit. We think it is common trial practice that a plaintiff may take a non-suit after a court has indicated an intent to direct a verdict against him; that the court, in this case, did something more than merely indicate its decision, should not, in the circumstances, deprive the plaintiff of her common law and statutory right to take a non-suit. The announcement by the court that at the end of the trial the jury would be directed to return a verdict for the defendant should not be held to prevent the plaintiff from dismissing her action through the process of taking a non-suit, when motion therefor was made before the verdict was directed. Up to that very moment, plaintiff had the right to rely on her right to submit the case to the jury

unhampered by a peremptory instruction to find against her.

The right to take a non-suit within the limitations prescribed by our statute has been upheld by this Court in numerous decisions. It was upheld in *Wilkes Ins. Agency v. Damron,* 85 W. Va. 619, 102 S. E. 238. In that case, Judge Ritz said: "The plaintiff, after a full trial of the issue, upon being advised by the court that he would sustain a motion to direct a verdict for the defendant, took a voluntary non-suit. That this was his right there is no doubt." This statement was made in a dissent as to the right to reinstate the case, at the same term of the court, without showing proper grounds therefor, and the majority opinion was in line with the language quoted. In *Stone v. Kaufman,* 88 W. Va. 588, 107 S. E. 295, it was held, "The plaintiff always has the right to discontinue his suit unless to do so would result in legal prejudice to the defendant other than the mere prospect of future litigation rendered possible by the discontinuance." In *Commonwealth Pipe & Supply Co. v. Nitro Products Corp.,* 95 W. Va. 13, 120 S. E. 174, it was held that "Plaintiff in an action at law has the right to suffer a voluntary non-suit at any time before the jury retires from the bar, or at any time before the case has been submitted for decision to the court, sitting in lieu of a jury", making an exception in case a counterclaim had been filed, or when his rights would be prejudiced in some way other than the ordinary inconvenience of being subjected to another action. In *Charleston Trust Co. v. Todd,* 101 W. Va. 31, 131 S. E. 638, it was held "It is the right of a plaintiff to dismiss his action or suffer a non-suit at any time before the submission of the case to the court or jury." See also, *Bethlehem Construction Co. v. Peoples Bank of Keyser,* 104 W. Va. 67, 138 S. E. 748; and *Thrasher v. Ballard,* 33 W. Va. 285, 10 S. E. 411, 413, 25 Am. St. Rep. 894. In the case last cited the court, with apparent approval, quotes from the decision of *Howe v. Harroun,* 17 Ill. 494, to the effect that "where a case is submitted to the court for trial the plaintiff may take a non-suit after the court has announced its opinion, and before a note is entered", and

then proceeds to explain the necessity of the plaintiff being given an opportunity to elect as to his course whether to take a non-suit or to pursue his right to test the judgment of the court on writ of error.

In this case plaintiff having indicated her desire to take a non-suit at the first opportunity given, she had the right to do so after the court had indicated its view, and before the court had made its decision effective by a direction to the jury. We think it clear under our decisions that her motion for a non-suit should have been sustained. Not being sustained at that time, it should have been made effective later by the setting aside of the verdict in favor of Jarrett, and the entry of an order making the non-suit effective.

We are cited a number of cases from other jurisdictions which, at first blush, would seem to be in conflict with these views, but an inspection of these cases indicates to us that the conflict, if any, is more apparent than real. Four cases are cited from the State of Washington. In that state there was a statute providing "In all cases tried in the superior court with a jury in which the legal sufficiency of the evidence shall be challenged, the court shall decide as a matter of law what verdict should be found, the court shall thereupon discharge the jury from further consideration of the case, and direct judgment to be entered in accordance with its decision." In *Dunkle* v. *Spokane Falls & N. Ry. Co.,* 20 Wash. 254, 55 Pac. 51, a motion to dismiss the case without prejudice made after the court had sustained a motion made by the defense to dismiss the cause was overruled as being too late. In *Stone* v. *Superior Court,* 97 Wash. 172, 166 Pac. 69, the defendant made a motion to discharge the jury and enter judgment in her favor on the ground of insufficient evidence, and, after argument, this motion was sustained. The court then proceeded against another defendant, and for some reason there was a mistrial, and the jury was discharged. Later a motion was made by the plaintiff to dismiss the case as against the defendant who had theretofore been held not liable, and it was held that the motion came too late. In *Western Stevedore Co.*

v. *Jones,* 145 Wash. 258, 259 Pac. 718, a motion for a non-suit was not made until after the court had sustained a motion to dismiss and the jury had been discharged; and in *Buzard* v. *City of Seattle,* 161 Wash. 154, 296 Pac. 564, the motion was made after the jury verdict. In *Schaffer* v. *Deemer Mfg. Co.,* 108 Miss. 257, 66 So. 736, under a statute which provided that "Every plaintiff desiring to suffer a non-suit on trial shall be barred therefrom unless he do so before the jury retire to consider of its verdict." It was held that after a peremptory instruction had been given, the cause stood in the attitude it would have stood had it been submitted to a jury and a verdict returned, and the motion for a non-suit made after the giving of such peremptory instruction was overruled. In *Allgeier* v. *Erie Ry. Co.,* 100 N. J. 89, 124 Atl. 769, it does not clearly appear that the plaintiff made a motion for a non-suit, but rather that counsel for plaintiff was endeavoring to secure the judgment of the court on a motion previously made by the defendant to dismiss the case. On the whole we do not think these cases are necessarily in conflict with our own cases, but, even if held to be in conflict therewith, the matter being one of practice, there are special reasons why our opinion should be controlled by our own decisions.

The motion of the plaintiff to set aside the verdict of the jury in favor of S. Clyde Jarrett, and to permit her to suffer a non-suit should have been sustained; and accordingly, the judgment of the circuit court is reversed and the case remanded.

*Reversed and remanded.*