JOHN CONNOR *vs.* JEREMIAH T. GILES.

Penobscot.    Opinion May 5, 1884.

*Sales.  Law and fact.  Province of the jury.  Practice.*

.A sale of a horse to be kept by the seller till a future day, and if then brought to the purchaser to be paid for, there being no payment or formal delivery, and the purchaser obtaining no possession further than that the horse was present when the conversation took place, is not a sufficient sale and delivery against one in the condition of a subsequent purchaser. The first sale was conditional only.

It is the province of the jury to find what words were used and the meaning of them, where an oral bargain is made. But the court may inform the jury what interpretations of the language used would be possible and permissible, and the jury must determine the meaning within the limits prescribed.

.A judge may withhold a case from the consideration of the jury when there is no evidence upon which they can in any justifiable view find for the party producing it, upon whom the burden of proof is imposed.

It is not enough to require submission to a jury, that there may be a crumb or scintilla of evidence. It must be evidence of legal weight.

ON EXCEPTIONS.

Trover for the alleged conversion of a horse and wagon. The ·defendant claimed title to the property under a mortgage, dated ·October 4, 1881, and duly recorded October 20, 1881.

The verdict was for the defendant.    The other material facts ·are stated in the opinion.

*B. L. Smith,* for the plaintiff, contended that the transactions of October 18, 1881, transferred the title of the property to the plaintiff, that a sale was then perfected, that the parties so intended, and the language and acts of both parties indicated the intention that the seller relinquished all further claim and control as owner and the buyer assumed the same with its consequent liabilities.    *Bethel S. M. Co.* v. *Brown,* 57 Maine, 18.

Any mere formal words of delivery and acceptance would have been superfluous, for the case discloses that an arrangement was made at the same time for the seller to keep the horse for the

buyer till Saturday following.    See *Brooks* v. *Powers*, 15 Mass.
246; *Ingalls* v. *Herrick*, 108 Mass. 353; *Barret* v. *Goddard*,
3 Mason, 114; *Hotchkiss* v. *Hunt*, 49 Maine, 213; *Boynton* v.
*Veazie*, 24 Maine, 286; *Weld* v. *Came*, 98 Mass. 154; *Calkins*
v. *Lockwood*, 17 Conn. 154; *Stinson* v. *Clark*, 6 Allen, 340;
Story, Sales, § § 298, 312, 353, 362; Benjamin, Sales, § §
313–317.

The question should have been submitted to the jury.
*Houdlette* v. *Tallman*, 14 Maine, 400; *Willard* v. *Randall*, 65
Maine, 81; *Dyer* v. *Libby*, 61 Maine, 45; *Weber* v. *N. Y.
Cent. &c. R. R. Co.* 58 N. Y. 451.

*Hale, Emery and Hamlin*, for the defendant, cited: *Phillips*
v. *Hunnewell*, 4 Maine, 376; *Merrill* v. *Parker*, 24 Maine, 89;
*Merrill* v. *Curtis*, 18 Maine, 272; *Kohl* v. *Lynn*, 34 Mich.
360; Jones, Chat. Mortg. 247.

PETERS, C. J.    The question of this case concerns the date
when a purchaser, under whom the plaintiff claims, got a com-
pleted sale and delivery of a horse.    If it was on October 18,
1881, the horse was plaintiff's; if on October 22, 1881, the
horse was defendant's.    The defendant's mortgage of the horse
was recorded between the two dates.    The testimony of the
purchaser was this:    That on the 18th he examined the horse;
rode after him with seller; made an offer which was not accepted;
the seller drove away; afterwards came back, and says, " make
me an offer;" I said, "I will give one hundred and twenty-five
dollars;" seller says he will trade for that; I said "I didn't want
the horse till Saturday (22nd), and if he would keep him till
Saturday,—take his horse and keep him till Saturday, and then
you bring him in and you shall have your pay."    He says, " all
right."    On Saturday the seller came in with the horse, and
the buyer took him and paid the money.

The court ruled that the jury would not be authorized to find
that a sale, completed by delivery, was accomplished before
Saturday.    We believe that to be right.    All was contingent and
conditional before that day.    There was no delivery until then.
The seller had the horse in hand when the conversation about a

sale took place, and the horse did not pass out of his possession until Saturday. There was no attempt at delivery of any kind on the 18th. The nearest that the purchaser came to any possession of the horse before Saturday, was riding after him on a trip of trial, after which the parties parted, coming to no agreement.

The plaintiff says that the jury are to ascertain the meaning of the parties when an oral bargain is made. That is correct. The jury are to find what words were used and the meaning of them ; thereby finding the facts. By words, and the meaning of words, facts are expressed. If facts (not words merely) are proved or admittled, and are uncontradicted, their legal effect is more often a question of law. A jury is not to be allowed to successfully establish wild or insensible, or perverse or impossible propositions. They are to be advised by the court in some respects. The court may inform them what interpretations of the language used would be possible or permissible, and the jury may decide what idea was intended. This province of the court necessarily results from the corrective power it possesses over erroneous verdicts in civil causes.

The plaintiff further contends that, if we accord to the jury the province of passing upon the facts, they should have been permitted to decide whether there was a delivery or not. But a jury cannot be permitted to find there is evidence of a fact when there is not any. A plaintiff cannot read his writ to the jury, and claim a verdict without submitting *any* evidence. Nor can he do so where the evidence is too slight or trifling to be considered and acted upon by a jury. The evidence must have some legal weight. There is no practical or logical difference between no evidence and evidence without legal weight.

The old rule, that a case must go to the jury if there is a scintilla of evidence, has been almost everywhere exploded. There is no object in permitting a jury to find a verdict which a court would set aside as often as found. The better and improved rule is, not to see whether there is any evidence, a scintilla, or crumb, dust of the scales, but whether there is any upon which a jury can, in any justifiable view, find for the party

producing it, upon whom the burden of proof is imposed. Here the unquestioned evidence shows no delivery if it does a sale. It cannot show it. Bou. Law Dic.; Scintilla of Evidence; *Beaulieu* v. *Portland Co.* 48 Maine, 291 ; *Brown* v. *E. & N. A. Railway*, 58 Maine, 384, and cases; *Rourke* v. *Bullens*, 8 Gray, 549.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.