## Staunton.

CAHOON, TREASURER, v. McCULLOCH AND OTHERS.

OCTOBER 3, 1895.

1. PROCEEDINGS AT COMMON LAW—*Motion Against Several—Judgment Against One—Merger—Non-Suit.*—In a proceeding by motion against an ex-treasurer and his sureties, to recover a balance of county levies left in his hands, a confession of judgment by the principal does not merge the cause of action against the sureties, and judgment may be rendered against the latter at a succeeding term of the court. Nor are the rights of the plaintiff in any wise affected by suffering a non-suit, but he may, at a subsequent term, renew his action or motion on the same cause of action against any or all of the parties against whom he has not already obtained judgment.

Error to a judgment of the Circuit Court of Botetourt county, rendered October 23, 1894.

*Reversed.*

This was a proceeding by notice, in the name of the Commonwealth of Virginia, suing at the relation of M. S. Cahoon, treasurer of Botetourt county, for the use and benefit of said county, against E. J. McCulloch, late treasurer of Botetourt county, and the sureties on his official bond as such treasurer.

The opinion states the case.

*Benjamin Haden*, for the plaintiff in error.

*Wm. A. Glasgow, C. M. Lunsford*, and *Penn & Cocke*, for the defendants in error.

RIELY, J., delivered the opinion of the court.

The treasurer of Botetourt county proceeded, by motion in the County Court against his predecessor in office and the sureties on his official bond, to recover judgment against him and them for the amount he owed on account of county levies, and which it was his duty to pay over to his successor in office. Upon the hearing of the motion, at the May term, 1894, of the court, the late treasurer, E. J. McCulloch, confessed a judgment in open court for the sum of money claimed in the notice; and, at the instance of his sureties, the motion was continued as to them to the next term. Upon the trial at the next term, and before the jury had retired from the bar, the plaintiff suffered a non-suit. He afterwards renewed his motion in the Circuit Court, where he was met by the plea of the defendants that the cause of action set forth in the motion was merged in the judgment rendered against McCulloch on the former motion in the County Court. To this plea the plaintiff demurred, but the Circuit Court overruled the demurrer and dismissed the motion. The correctness of this judgment is the matter before us to be considered.

At common law a judgment recovered against one of two or more persons on their joint contract was a bar to an action against the others. The entire cause of action was merged in the judgment, and the joint liability of those not sued, or against whom the judgment was not rendered, was extinguished. And upon a joint and several contract the action had to be brought against all jointly, or against one of them singly, and could not be brought against any intermediate number. These rules have been essentially changed by statutes enacted by the Legislature. Secs. 3395, 3396, and 3212 of the Code.

Sec. 3212 provides as follows:

"A person entitled to obtain judgment for money on motion, may, as

to any, or the personal representatives of any person liable for such money, move severally against each, or jointly against all, or jointly against any intermediate number; and when notice of his motion is not served on all of those to whom it is directed, judgment may nevertheless be given against so many of those liable as shall appear to have been served with the notice: *provided,* that judgment against such personal representatives shall, in all cases, be several. Such motions may be made from time to time until there is judgment against every person liable, or his personal representative."

Under this statute, contrary to the rule of the common law, a judgment may be rendered against one of two or more obligors on their joint bond, without the cause of action being merged in the judgment, and the judgment becoming thereby a bar to a recovery in a future motion against the other obligors. And so a judgment may be rendered on a joint and several bond against any number of the obligors intermediate between one and all, without the cause of action being merged in the judgment, and such judgment being thereby made a bar to a recovery in a future motion against the other obligors. Separate motions may be made and judgments rendered, from time to time, against one or more of the whole number of obligors, whether the obligation be joint, or joint and several, without the cause of action being merged in any or all of such judgments as to the other obligors, until there is a judgment against every person liable, or his personal representative.

The statute declares, in effect, that there shall be no merger of the original cause of action until there has been a judgment against every person liable to a recovery upon it. It cannot be questioned that the Legislature had the power to alter the rule of the common law, and to prescribe what should be the consequences of a judgment, in respect to its effect as a merger or extinguishment of the original demand. It was as much within its power to modify its effect, in such respect, as it was to prescribe the mode of its recovery, or the manner of its enforcement. It is apparent that the object of

the Legislature, in giving the right to recover money by motion, was not only to provide a simpler and more speedy proceeding, but to unfetter it from the technical and inconvenient rules of the common law.

With this view of the modification by statute of the effect at common law of a judgment against one of several joint debtors as a merger or extinguishment of the original cause of action, we turn to the case before us.

It was entirely lawful for the principal obligor to confess a judgment upon the motion in the County Court against him and his sureties. And, in view of the provisions of sec. 3212, it cannot be successfully maintained that the entire cause of action was then merged in the judgment against him, and that there could be no recovery thereafter in that motion against the sureties, the other defendants. It cannot be controverted that it was perfectly competent for the court, at its next term, to which the motion was continued at their instance, to render a judgment against them, if proved to be liable, on the official bond of their principal. How, then, had the cause of action been extinguished, and the right of the plaintiff to recover become barred, when he renewed his motion in the Circuit Court? Nothing had been done by the plaintiff, after the confession of judgment by McCulloch at the May term, except to suffer, at the June term, a non-suit as to the sureties, before the jury retired from the bar. But suffering a non-suit does not bar a right of recovery upon a cause of action then existing. It has not the effect of merging the cause of action, or preventing a new action against the same party. The only effect is to put an end to the pending suit, without precluding another for the same cause of action. The non-suit is resorted to when the plaintiff finds himself unprepared with evidence to maintain his cause, either in consequence of his being ruled into a trial when not ready, or when surprised by the testimony of a witness, or some ruling of the court, or other similar reason.

Opinion.

As the judgment rendered at the May term against McCulloch did not merge the cause of action as to the sureties, and since the non-suit suffered by the plaintiff at the June term had no such effect, the plaintiff was not barred of his right of action as to the sureties upon a new motion against them.

We are of opinion that the Circuit Court erred in overruling the demurrer of the plaintiff to the plea of the defendants, and dismissing his motion, for which error its judgment must be reversed.

*Reversed.*