## Wytheville.

HARRISON AND OTHERS V. CLEMENS, ROAD COMMISSIONER, AND ANOTHER.

June 8, 1911.

1. DISMISSAL AND NON-SUIT—*When Plaintiff May Suffer.*—The plaintiff in an action at law, where no counter claim has been filed by the defendant, may suffer a non-suit at any time before the case has been submitted to the jury and they have retired from the court-room, or, if heard by the court, before the case is submitted to the court hearing it as a common law case.

Error to a judgment of the Circuit Court of Loudoun county, on a petition for a mandamus. Judgment for the respondent. Petitioner assigns error.

*Reversed.*

The opinion states the case.

*J. W. Foster* for the plaintiffs in error.

*E. E. Garrett,* for the defendants in error.

CARDWELL, J., delivered the opinion of the court.

Henry Harrison, Anne L. Harrison and John F. Lee, at the October term of the Circuit Court of Loudoun county, filed their petition praying a peremptory writ of mandamus directed to William H. Clemens, commissioner of roads for Leesburg district, in Loudoun county, commanding and compelling him to open a certain road described in said petition, and which the relators claim is a public road. Clemens, as road commissioner, answered the said petition at the December term of the circuit court, setting forth his

readiness to perform any duty his office devolved upon him, or that the court might impose upon him in this proceeding; and at the same term of court Harry T. Harrison appeared, by counsel, and on his motion was admitted as a party defendant to the cause, and leave given him to file his answer, in which he sets forth at length the reasons why the mandamus prayed by the relators should not be awarded.

It appears that there was some agreement of counsel as to the facts on which the court, without the intervention of a jury, was to hear and determine the issue involved, and during the argument of the cause, and while counsel for the relators was addressing the court, he was asked a question by the court, and there ensued a colloquy between counsel for the relators and counsel for the respondents which developed that there was a misunderstanding as to the agreement upon which the case was being heard; counsel for the respondent, Harry T. Harrison, insisting that the statements in the latter's answer were to be treated as facts proved, while counsel for the relators insisted that the agreement was that the statements should only be taken for what they were worth when stated upon Harry T. Harrison's own knowledge and uncontradicted by the records or deeds, or conclusions drawn therefrom.

Upon these conditions arising, and before the conclusion of the argument of the case, and therefore before it was submitted for decision, counsel for the relators moved the court for leave to withdraw their petition and suffer a nonsuit. This motion was overruled by the court, to which ruling the relators duly excepted, and counsel was compelled to go on with the case. Upon the conclusion of the arguments, the case was continued to the February term, 1910, at which term the court entered the order to which this writ of error was awarded, dismissing the petition of relators and adjudging that they pay to Harry T. Harrison his costs expended in this litigation.

In the opinion of the learned judge, made a part of the judgment of the court, the facts as to the time and the circumstances in which the relators asked permission to dismiss their petition and suffer a non-suit were set forth as above stated, but the court sustaining the objection made by counsel for Harry T. Harrison, upon the ground that the motion to dismiss was too late and the case should be disposed of on its merits, refused to allow relators to suffer a non-suit.

We are of opinion that this was error. To enter a non-suit has been recognized as a matter of right under the law and practice in Virginia from a very early date down to the present time. The statute, section 3387, recognizes this right, and only fixes the stage at which a plaintiff is precluded from taking a non-suit—to-wit, when the case has been submitted to the jury and they have retired from the court-room.

The rule seems to be the same in other jurisdictions, and applies whether the case is to be tried by a jury or by the court without the intervention of a jury. When the case goes to the jury it is considered to be submitted for decision, and when the case is to be tried before the court the right to take a non-suit continues until the case is finally concluded and submitted to the court for its decision. 14 Cyc. 402.

In 4 Minor's Inst. (2d ed.), (783), 867, the author says: "The non-suit is resorted to in our practice when the plaintiff finds himself unprepared . . . or for any other reason."

In *Cahoon* v. *McCullough*, 92 Va. 180, 23 S. E. 226, it is said in the opinion by Riely, J., that "the non-suit is resorted to when the plaintiff finds himself unprepared with evidence to maintain his cause either in consequence of his being ruled into a trial when not ready, or when surprised by the testimony of a witness, or some ruling of the court, or other similar reason."

To the same effect is the opinion in *Mallory* v. *Taylor,* 90 Va. 348, 18 S. E. 438.

In *Duffy* v. *Glucose Sugar Refining Company,* (C. C.) 41 Fed. 206, the court in construing the Iowa statute, which is exactly the same as our statute except that it goes further and makes the rule apply whether the case is being tried by the jury or by the court, reviews the authorities, and the opinion clearly sustains the view that, whether the case is before a jury for trial or before the court, the plaintiff has the right, before it is finally submitted for decision, either to the jury or to the court, to take a non-suit if he so desires.

In *Pullman Palace Car Co.* v. *Central Transportation Co.,* 171 U. S. 138, 43 L. Ed. 108, 18 Sup. Ct. 808, the opinion holds that, in order to authorize a denial of the plaintiff's motion to discontinue a suit, there must be some plain legal prejudice to the defendant other than the mere prospect of future litigation rendered possible by the discontinuance.

In reviewing the statute of South Dakota similar to our statute, *Cooke* v. *McQuaters,* 19 S. D. 361, 103 N. W. 385, maintains the right of the plaintiff to suffer a non-suit at any time before the case is decided. In that, as in other cases, an exception to the general rule is recognized, as where a counter claim has been interposed, or the rights of the defendant would be necessarily prejudiciced by dismissal of the action. But no such conditions exist in the case here. Our statute specifies only the time when a non-suit may not be suffered—to-wit, after the jury retire from the bar, and it follows necessarily that a non-suit is to be allowed at any time before the jury retire; or, as in this case, before the case is submitted to the court hearing it as a common-law case.

For the foregoing reasons, the judgment of the circuit court, denying the motion of the plaintiffs in error to be allowed to take a non-suit and withdraw their petition, must be reversed and annulled, and this court will enter the judgment the circuit court should have entered, permitting the

plaintiffs in error to withdraw their petition and suffer a non-suit and recover costs against the defendants in error here, other than William H. Clemens, road commissioner.

Having taken the foregoing view of the case, it becomes unnecessary to consider the other assignments of error presented in the petition and argued before this court.

*Reversed.*