# CHARLESTON.

ICE v. COUNTY COURT OF DODDRIDGE COUNTY.

Submitted·September 14, 1915.   Decided November 16, 1915.

1. HIGHWAYS—*Injury from Defects—Burden of Proof—Proximate Cause.*

    In actions founded on negligence the plaintiff cannot recover unless he shows affirmatively by the evidence in the case that the defendant was negligent as charged, and that the negligence complained of was the proximate cause of the injury.   (p. 154).

2. NEGLIGENCE—*Submission to Jury—Evidence.*

    In actions for negligence, the courts have abrogated the doctrine that a mere scintilla of evidence from which there might be a surmise of negligence is sufficient to carry a case to the jury, and have adopted the more reasonable rule that there is a preliminary question which the judge must decide, if asked, whether, granting to the testimony all the probative force to which it is entitled, a jury can properly and justifiably infer negligence from the facts proved; for, while negligence is usually an inference from facts, it must be proved, and competent and sufficient evidence is as much required to prove it as to prove any other fact.   (p. 154).

3. TRIAL—*Direction of Verdict—Evidence.*

    If the evidence is not sufficient to support a verdict for the plaintiff, or is such that the court would have to set aside the verdict if one were found for the plaintiff, the court should, on motion of the defendant, direct a verdict for the defendant.   (p. 154).

Error to Circuit Court, Doddridge County.

Action by Virgil E. Ice against the County Court of Doddridge County.   Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Homer Strosnider* and *John Ross, Jr.,* for plaintiff in error.

*A. F. McCue,* for defendant in error.

MASON, JUDGE:

The plaintiff, Virgil E. Ice, while being driven in a sleigh, in the night time, along a country road in Doddridge County, February 3, 1912, was thrown from it and injured.   He brought this suit, in December, 1912, to recover damages

against the County Court. · He alleges in his declaration, as negligence upon the part of the county that the "defendant wrongfully, wilfully, negligently and injuriously allowed and permitted the said public road or highway to be and become and to remain out of repair and in bad order and in a dangerous and unsafe condition for a long space of time, to-wit, one month next preceding the time of the committing of the grievances hereinafter mentioned, in this, that the said defendant placed and laid, and to be and remain in the traveled path of said public road or highway, large and dangerous rocks and stones that it had blasted, dug and excavated, or allowed to be blasted, dug and excavated out of said turnpike and the bank of earth and rocks above said public road"; and alleges that by means of said negligent acts of the defendant, he was injured in the following manner: "The said plaintiff then lawfully and in the exercise of due care was being driven and was riding in what is commonly called a sleigh, upon, over and along said public road or highway, at or near the said angle or turn in said public road, suddenly and without any warning or notice of any kind that the said public road or trunpike was so out of repair and in such dangerous condition as aforesaid, it being then and there dark, was snowing and snow was on the ground, said sleigh struck, come in contact with and ran against one or more of said large and dangerous rocks and stones, so being and remaining in the traveled path of said public road, and plaintiff was violently thrown out of said sleigh onto the ground and public road and landed or slid over a sharp thin rock or stone that was then and there planted in said public highway and extended upward above the said road-bed several inches, and sustained a severe shock, and suffered painful external and internal injuries."

The defendant appeared and demurred to the declaration. The demurrer was overruled, and plea of not guilty entered and issue joined.

The case was tried to a jury at the December term, 1912. Evidence was submitted by both plaintiff and defendant. The court refused to give certain instructions asked for by plaintiff, and also refused to give all the instructions asked for by defendant except the following: "The court instructs the

jury in this case that under the evidence in this case it is your duty to find for the defendant." This instruction was given to the jury, and thereupon the jury returned a verdict for the defendant. The plaintiff moved the court to set aside this verdict and grant him a new trial, which was refused, and the plaintiff excepted. The evidence is all certified and made part of the record. The evidence shows that a few days before the accident referred to occurred, the road at the place had been repaired by placing stones in a "mud hole" along one side of the road, leaving the surface there somewhat rough; that stones had been placed along one bank of the road at the point where the accident occurred, but that there was a passage way along the road sufficiently wide for wagons to pass; that the plaintiff was in a sleigh with Ira Ashcraft, who was driving the horse; that the horse was traveling at a fast trot, if not faster, along a country road after dark; that there was snow on the ground; that when they reached the point where the accident occurred, the sleigh runner caught on something and raised the sleigh on one side so high that the plaintiff and the driver were thrown out; and that the plaintiff fell on a stone and was injured. The evidence does not show that the condition of the road was the proximate cause of the accident. The plaintiff could not recover in this case without proof that the defendant was negligent as alleged, and that such negligence was the proximate cause of the injury complained of. *Massie* v. *Peel Splint Coal Co.,* 41 W. Va. 620; *Hanley, Admr.,* v. *Railway Co.,* 59 W. Va. 419.

In the absence of proof that the defendant was negligent as alleged, and that such negligence was the proximate cause of such injury, it was the duty of the court to instruct the jury to find a verdict for the defendant. Whatever may have been the practice of the courts of this State and of Virginia in former years as to excluding the plaintiff's evidence from the jury when insufficient to sustain the action, or of directing a verdict for the defendant, the practice is now well established in this State. The practice is no longer so restricted that it can not be applied in cases where there is a scintilla of evidence, or as said in the case of *Carrico* v. *Railroad Co.,* 35 W. Va. 389, "a motion by the defendant to exclude the plaintiff's evidence upon the ground that it is not

sufficient to warrant a verdict in his favor, will not be granted, if there be any evidence which tends in any degree, however slight, to prove the plaintiff's case.'' The modern and better rule is, that ''if the evidence is not sufficient to support a verdict for the plaintiff, or if one, if found, must be set aside, the court may direct a finding for the defendant.'' *Schuerman* v. *Dwelling House Ins. Co.*, 161 Ill. 437, 52 Amer. St. Rep. 377. ''The old rule that a case must go to the jury if there is a scintilla of evidence has been almost everywhere exploded. There is no object in permitting a jury to find a verdict which a court would set aside as soon as found. The better and improved rule is, not to see whether there is any evidence, a scintilla, or crumb, dust of the scales, but whether there is any upon which a jury can, in any justifiable view, find for the party producing it, upon whom the burden of proof is imposed.'' *Conner* v. *Giles*, 76 Me. 132. ''In actions for negligence, the courts have abrogated the doctrine that a mere scintilla of evidence from which there might be a surmise of negligence is sufficient to carry a case to the jury, and have adopted the more reasonable rule that there is a preliminary question which the judge must decide, if asked, whether, granting to the testimony all the probative force to which it is entitled, a jury can properly and justifiably infer negligence from the facts proved; for, while negligence is usually an inference from facts, it must be proved, and competent and sufficient evidence is as much required to prove it as to prove any other fact.'' *Ketterman* v. *Railroad Co.*, 48 W. Va. 606. For a very comprehensive view of the law and reference to authorities, see Judge BRANNON's opinion in *Ketterman* v. *Railroad Co.*, *supra*.

For the foregoing reasons we are of opinion that there is no error in the judgment complained of, and it should be affirmed.

*Affirmed.*