# CHARLESTON.

COMMONWEALTH PIPE & SUPPLY COMPANY *v.* NITRO PRODUCTS CORPORATION.

Submitted November 6, 1923.   Decided November 13, 1923.

DISMISSAL AND NONSUIT—*Plaintiff May Suffer Voluntary Nonsuit in Law Action at Any Time Before Jury Retires or Case Submitted to Court, Unless Counterclaim Filed or Defendant Clearly Prejudiced.*

Plaintiff in an action at law has the right to suffer a voluntary nonsuit at any time before the jury retires from the bar, or at any time before the case has been submitted for decision to the court, sitting in lieu of a jury; unless defendant has filed a counter claim or it is clear that his rights would be prejudiced by the nonsuit, excepting, of course, the ordinary inconveniences to which he would be subjected by another suit.

Error to Circuit Court, Kanawha County.

Action by the Commonwealth Pipe & Supply Company against the Nitro Products Corporation. Judgment for plaintiff, and defendant brings error.

*Reversed and remanded.*

*Morton, Mohler & Peters,* for plaintiff in error.
*Payne, Minor & Bouchelle,* for defendant in error.

LIVELY, JUDGE:

This writ is to review a judgment of the circuit court rendered on August 5, 1922, in which it was adjudged that plaintiff, Commonwealth Pipe & Supply Company, recover of defendant, Nitro Products Corporation, $1118.00; but that execution should not issue thereon; and that the judgment should be satisfied and discharged by the payment of the sum recovered by defendant to the Charleston Industrial Corpora-

tion which had that day recovered a judgment against plaintiff.

Plaintiff sued defendant on an open account for $2,726.72 by notice of motion for judgment served on defendant on February 7, 1921. The motion was to have been made on the 14th of February, 1921, at 10 o'clock A. M. On October 14,1921, defendant filed what is denominated in the record as "defendant's plea and affidavit" which is to the effect that it did not owe the amount claimed but that it did owe $1,-019.91, not including interest; and the statement is made in the paper that a suggestion in the suit of Charleston Industrial Corporation against plaintiff (Commonwealth Pipe & Supply Co.), then pending in court, had been served upon defendant on the ...... day of October, 1921. To this paper is attached the affidavit of J. B. Pitcher to the effect that he is president of the defendant corporation, familiar with its books of accounts, and that there is due from defendant to plaintiff, upon the demand stated in plaintiff's notice, the sum of $1,019.91, not including interest, and that that sum is all that is due from defendant to plaintiff. On the 4th day of August, 1922, plaintiff and defendant appeared by counsel and plaintiff moved to dismiss its suit, which motion was resisted by defendant and was overruled by the court. Then plaintiff moved the court for a nonsuit, which motion was resisted by defendant and overruled by the court, and exceptions were taken by defendant to the action of the court in both instances. Thereupon defendant moved the court to render judgment against it in favor of plaintiff, which motion was resisted by plaintiff, but the court overruled the objection of plaintiff, granted the motion of defendant and entered judgment against it for $1,118.00, directed that no execution should be issued thereon and that the same should be discharged by payment by defendant to Charleston Industrial Corporation on a judgment which the order says was rendered that day by the court against plaintiff in favor of said Charleston Industrial Corporation.

The errors alleged are: that the court refused to permit plaintiff to dismiss its action; refused to permit plaintiff to take a nonsuit; that it was error to render judgment against defendant on its own motion for the amount which it admitted to be due, over objection of plaintiff; that it was error

to preclude plaintiff from a jury trial of the amount claimed by it over and above the amount admitted to be due by defendant; and that it was error to direct payment of the amount recovered to a third party which had no interest in the litigation and was not a party thereto. In short, every ruling and action of the court is alleged to be erroneous; a comedy of errors.

It will not be necessary to review all these assignments of error. It was clearly error in the lower court to refuse to allow plaintiff to suffer a nonsuit on its motion. At common law the plaintiff could take a nonsuit at any time before the court received the verdict; but our statute, sec. 11, chap. 131, has changed the common law by providing that a party shall not be allowed to suffer a nonsuit unless he does so before the jury retires from the bar. The right thus given by the statute has been held in many of the states to be an absolute one which the court has no right to deny. In *Banking Co.* v. *Ball*, 57 Kan. 812, the court said that the right of the plaintiff to dismiss his action without prejudice existed at any time before the final submission, and that the denial of his application to do so is error. The statute, however, was somewhat different from ours, and stated in terms that the plaintiff might dismiss without prejudice before final submission of the case to the jury or the court sitting in lieu of a jury. However, the right of plaintiff to control his action existed at common law, and the only modification of the common law rule by our statute is that plaintiff shall not suffer a nonsuit after the jury has retired from the bar. The common law rule with this modification is still in full force and effect in this state. It is stated in 14 Cyc. p. 401, that in states where there has been no statutory change of the common law rule the plaintiff may dismiss his action at any time before verdict; "at least he can do so unless a set-off or counterclaim is pleaded by defendant, or unless defendant has acquired a right to some affirmative relief. See *Hamlin* v. *Walker*, 228 Mo. 611; *Clevenger* v. *Cariker*, 50 Tex. Civ. App. 562; *Knight* v. *Ill. Cent. R. Co.*, 180 Fed. 368; *Burke* v. *Chicago City Ry. Co.*, 109 Ill. App. 656. In *Harrison* v. *Clemens*, 112 Va. 373, the court said: "To enter a nonsuit has been recognized as a matter of right under the law and practice in Vir-

ginia from a very early date down to the present time (June, 1911). The statute, section 3387, recognizes this right, and only fixes the stage at which a plaintiff is precluded from taking a nonsuit—to-wit, 'when the case has been submitted to the jury and they have retired from the court room.'' The Virginia case cites a number of other decisions which bear out the right of plaintiff to dismiss at any time before submission or retirement of the jury from the court room after submission unless the defendant has filed some counterclaim, or it is clear that his rights, other than the mere inconvenience of another suit for the same cause of action, will be prejudiced thereby. The Virginia decisions are in accord with the finding announced by this court. *Frymier* v. *Lorama R. R. Co.*, 86 W. Va. 522; *Stone* v. *Kaufman*, 88 W. Va. 588, where it is said: ''A plaintiff always has the right to discontinue his suit unless to do so will result in legal prejudice to the defendant other than the mere prospect of future litigation rendered possible by the discontinuance.'' See *Thrasher* v. *Ballard*, 33 W. Va. 285, 291, where Judge BRANNON said: ''At common law a party could take a nonsuit at any time before the court received a verdict. Our statute limits this, where there is a jury trial, by requiring it to be done before the jury retires.'' Of course, the exception to this rule is that if the rights of the defendant will be prejudiced (excepting the inconvenience of another trial, which is compensated in the eyes of the law by judgment for costs), the nonsuit will not be allowed. We have no such situation in the case under consideration. By a nonsuit defendant would have no substantial right infringed upon. The court should have allowed plaintiff to suffer a nonsuit upon its motion, and the refusal thereof was clearly error. It will be unnecessary to discuss the other grounds of error assigned.

The judgment will be reversed and the case remanded.

*Reversed and remanded.*