[No. 20131. Department One. December 2, 1926.]

EMILE NOUGUIER, *Appellant*, v. OTTO MORGAN *et al.*,
*Respondents.*[1]

[1] MUNICIPAL CORPORATIONS (383, 389)—USE OF STREETS—CONTRIBU-
TORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. An action for the
wrongful death of a school boy who jumped on a moving school
bus, and fell off and was killed, is properly non-suited where
there was no evidence that the driver of the bus saw, or should
have seen, the boy in time to avoid the accident.

Appeal from a judgment of the superior court for
Thurston county, Wright, J., entered October 1, 1925,
in favor of the defendant, upon granting a nonsuit, in
an action for wrongful death, tried to a jury. Affirmed.

*Hartge & Cadwallader,* for appellant.

*Roscoe R. Fullerton* and *Troy & Yantis,* for re-
spondents.

MITCHELL, J.—This is an action for damages for
fatal injuries inflicted upon the minor son of the ap-
pellant. The boy was run over and killed by a school
bus operated by the respondent, Otto Morgan, for and
on behalf of the school district. At the trial, the
plaintiff was nonsuited on the motion of the defend-
ants. Plaintiff has appealed.

The boy was well grown for his age, intelligent, used
to work on his father's farm, during vacation periods
and at other times, doing ordinary work and chores
around the home. At the date of the accident, he was
nearly fourteen years of age, and for more than two
years, had been going to and from this school in a bus

[1]Reported in 250 Pac. 954.

furnished by the district.　The school house is situated near the town of Yelm.

On the day in question, after the close of school, the bus driver gathered up the children to take them home.　This boy was not present at the time, the reason therefor not being shown.　Driving through Yelm along the usual way, the boy ran out of a store as the bus was coming nearby along the street.　He ran along the sidewalk, scuffling with a boy friend, passed by an automobile parked against that sidewalk, stepped off the sidewalk ahead of the bus, waited a moment, and then ran or walked rapidly, as the witnesses say, towards, and jumped on the side of, the bus.　His footing was unsafe, but, holding with his hands, he was dragged along under the bus a short distance, relaxed his hold, fell upon the ground, and one wheel of the bus passed over his body.　The bus was stopped within a few feet thereafter.

The only testimony as to the speed of the car, at all times in question, was that it was "slow," while one witness, situated at that time in a sedan parked about a block in the rear of the scene of the accident, testified that the bus seemed to slow up a little about the time of the accident, he could not tell whether before or after it, but it seemed slightly before it.　There was no evidence that the boy gave any call or signal to the driver, prior to his jump to grab the bus, nor any evidence that the driver saw the boy in time to avoid injury.

The boy's mother testified that, shortly after the accident, the bus driver told her that, before the boy was run over, "he knew the boy was there; he saw his cap"; which accounts, of course, for the driver succeeding in stopping the bus about the time it passed over the boy's body.　But this and all of the testimony, is far from saying that the driver saw, or should have seen, the boy in time to prevent the accident.　This

was the burden imposed upon the appellant in this case, and, not having been met, the nonsuit was properly granted.

Affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and PARKER, JJ., concur.