STATE OF FLORIDA, *ex rel.* L. GOODSON, v. HARRY N. SAND-LER, Circuit Judge, Hillsborough County, *et al.*

172 So. 480.
Opinion Filed February 11, 1937.

*J. P. Marchant,* for Relator;

*Sutton, Tillman & Reeves* and *McKay, Macfarlane, Jackson & Ramsey, Curtis Sparkman* and *Charles Campbell,* for Respondents.

DAVIS, J.—While there is a conflict of view in the decisions we have examined on the right of a relator in mandamus to take a non-suit and dismiss his case as a matter of right at any time before it is finally submitted to the trial judge for decision on the issues joined and being tried between relator and respondent, we are of the opinion that in Florida, in a suit predicated upon a private contract right to resort to mandamus as a specific legal remedy to enforce the obligation of municipal bonds or other public securities, that by analogy to the rule in ordinary cases at law, since such a mandamus suit is in legal effect nothing more or less than a method of affording a legal remedy on the bonds themselves as a contractual obligation, that the same right of plaintiff to recede from, or to dismiss or non-suit his action as a matter of right, *pendente lite,* should prevail as if the suit were one strictly *ex contractu* at law for a judgment on the bonds instead of mandamus. Compare: Harrison v. Clemens, 112 Va. 371, 71 S. E. Rep. 538.

It follows that the writ of prohibition absolute should issue to prohibit the Circuit Court from further proceedings in the mandamus case in which plaintiff in prohibition, as relator in mandamus in the Circuit Court, has duly entered his voluntary non-suit as a means of terminating the litigation pending in the Circuit Court.

Prohibition absolute awarded.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.