ELMER KEIRN, *Infant, etc. v.* CAM MCLAUGHLIN

(No. 8803)

Submitted January 17, 1939.  Decided January 31, 1939.

*Richard F. Currence* and *John A. Lile,* for plaintiff in error.

*Summers H. Sharp* and *A. E. Cooper,* for defendant in error.

RILEY, JUDGE:

In this action of trespass on the case, instituted in the Circuit Court of Pocahontas County by Elmer Keirn, infant, by B. S. Keirn, his next friend, against Cam McLaughlin, the plaintiff sought to recover for personal injuries claimed to have been sustained from

being run over by a school bus owned by defendant and operated by him under a contract with the board of education of Pocahontas County. To a judgment in the amount of $2500.00, based upon a jury verdict, this writ of error is prosecuted.

The three counts of the amended declaration, upon which the case was tried, in substance charge, respectively, (1) that the defendant failed to keep a proper lookout; (2) that defendant knew that children, of the school attended by plaintiff, habitually would "run along the side of said school bus and grab hold of the door handles of the bus and swing onto the side thereof" while in motion, and, notwithstanding such knowledge, failed to warn the children, especially the plaintiff, a boy of ten years of age, of the danger, and failed to keep a lookout for said children and to so operate the bus so as not to injure the plaintiff, who, at the time, "had hold of" the doors of the bus and was "swinging onto" the side thereof; and (3) that the defendant, after perceiving plaintiff crossing the road in front of the bus, failed to give any warning signal.

The injuries were incurred on December 11, 1936. On that day, as an independent contractor under a contract with the board of education of Pocahontas County, the defendant, Cam McLaughlin, was engaged in the transportation of school children, including the plaintiff, an infant of approximately ten years of age, to and from the Greenbank High School. McLaughlin's contract provided for his arrival at the school grounds before time for dismissal of plaintiff's grade. The school building was so located that its main entrance faced south on State Route 28, and its side entrance, east on Hosterman Road. All school busses parked along the east side of Hosterman Road for the purpose of collecting children prior to returning them home. Defendant usually parked near the intersection, facing State Route 28. On the day of the accident, defendant was a little late, arriving shortly after dismissal. After he turned off Route 28 into the Hosterman Road, plaintiff and other boys ran across the road

some distance in front of the bus and down the road so as to meet it; and as the bus passed, they "grabbed hold of" an upright iron rod or handle, seventeen inches in length, which was attached to the right side of the bus and immediately in rear of the entrance for the purpose of assisting passengers in boarding and alighting, and ran alongside the bus for a distance. The entrance to the bus was directly opposite the driver's position. The bottom of the handle was three feet five inches from the ground and its top approximately on a level with the lower edge of the bus windows. For some reason, not disclosed by the record, plaintiff's grip on the handle was loosened and he fell, so that the right rear wheel of the bus ran over his body thereby seriously injuring him. The bus did not stop, but continued as usual for some distance to a convenient turning point and was driven back toward the school and the place where plaintiff was still lying on the road.

Plaintiff testified that every time the bus was late he and some other boys ran after it in order to get the front seat. He stated, at first, that the defendant had been late three or four times that school year, but later said he had run after the bus twice before the instant occasion, since the beginning of the school term. The defendant testified that on the date of the accident he saw plaintiff and three or four other children run across the road; that on prior occasions, he had seen the children run to meet the bus; and that he knew their purpose was to get in the front seat first. However, he categorically denied that he knew the children, upon meeting the bus, were accustomed to grab the iron handle and run or ride alongside the bus. The Hosterman Road was rough and McLaughlin testified that he felt no unusual movement of the bus when it ran over the child. The record clearly shows that the handle was so situated in relation to the driver's seat, and the windows were of such a height from the ground, that it was impossible for the defendant to have seen plaintiff while he was holding onto the handle.

In an action founded on negligence, a plaintiff must show affirmatively defendant's failure to perform a duty owed to the former proximately resulting in injury. *Ice v. Doddridge County Court,* 77 W. Va. 152, 87 S. E. 75; *Massie v. Peel Splint, etc., Co.,* 41 W. Va. 620, 622, 24 S. E. 644; *Butcher v. W. Va. & P. R. Co.,* 37 W. Va. 180, 16 S. E. 457, 18 L. R. A. 519; *Johnson v. B. & O. R. Co.,* 25 W. Va. 570, 577; *Washington v. B. & O. R. Co.,* 17 W. Va. 190. This proof must be made by substantial evidence sufficient to sustain a fair inference to that effect. In such case, a mere scintilla of the evidence is insufficient to carry the case to the jury. *Donnally v. Payne,* 89 W. Va. 585, 599, 109 S. E. 760; *Ice v. Doddridge County Court, supra; Dye v. Corbin,* 59 W. Va. 266, 53 S. E. 147; *Ketterman v. Railroad Co.,* 48 W. Va. 606, 37 S. E. 683. If defendant owed plaintiff no duty, of course, there can be no negligence. The absence of both actual knowledge of plaintiff's position of peril and a duty by the exercise of reasonable prudence to acquire such knowledge, if disclosed by the record, is a sufficient bar to recovery. In *Nouguier v. Morgan et al.,* 141 Wash. 144, 250 Pac. 954, where a school child on an isolated occasion ran unexpectedly after a school bus, a situation which did not impose on the driver the duty to anticipate his actions, the court held that, in the absence of actual knowledge, no recovery can be had. This Court held in *Glinco v. Wimer,* 88 W. Va. 508, 107 S. E. 198, the failure to exercise reasonable care to see children on the highway is sufficient to invoke liability.

With these principles in mind, let us review the record to see whether McLaughlin had such knowledge from the previous actions of the children as would impute to a reasonable and prudent person the duty to warn the children or to take such actions as would have prevented the injury. Without question, McLaughlin knew the children were wont to meet the bus when it was late; he knew the plaintiff and his companions, on the afternoon of the accident, were running across the road for the purpose of meeting the bus and getting into the front seat;

and, on previous occasions, when the bus was brought to a stop in front of the school building, after making the turn, he found, upon opening the door, the children waiting alongside for the purpose of getting into the front seat. There is, however, a dearth in this record of any evidence showing that the defendant actually knew that plaintiff was, or on any previous occasion had been, grabbing the iron handle and running alongside the bus in the manner which caused the injury. The record is likewise free from any showing that the defendant could have seen the plaintiff and his companions while they were holding onto the handle. On the contrary, as heretofore suggested, the position of the handle with reference to defendant's seat in the bus, and the height of the bus windows from the ground rendered it physically impossible for defendant to actually see anything which would put him on notice of what plaintiff and his companions were doing. The fact that the defendant did not and could not see the children alongside the bus on previous occasions until the door was opened, is amply convincing that without leaving the seat of the bus or opening the door, neither of which he could be expected to do while the bus was running, there was withheld from him both the actual sight of plaintiff in his position of peril or the opportunity by the exercise of reasonable diligence to see him in that position. Under these circumstances, notwithstanding the duty which McLaughlin owed to the plaintiff and his companions, based both upon McLaughlin's contract with the board of education to arrive at the school prior to the children's dismissal and the natural, impulsive nature of children of tender years, we are of opinion plaintiff is not entitled to recover. The question here is not one of degrees of duty and concomitant degrees of negligence; it is simply a case of no duty under the circumstances of this record, and consequently, no actionable negligence.

The cases of *Vest* v. *Chesapeake & Ohio Railway Co.,* 117 W. Va. 457, 187 S. E. 358, and *Wynn* v. *Gandy,* 170 Va. 590, 197 S. E. 527, 528, relied upon by plaintiff's counsel,

present states of fact which distinguish them from the instant case. In the *Vest* case, the majority opinion of this Court upheld liability of the defendant company for injuries to a child who was run over by a slowly moving train which he was playfully boarding. This, however, was the habitual and almost constant practice of children of immature discretion, a practice within the knowledge and having the tacit approval of the train crew. In the *Wynn* case, the court sustained a recovery for injuries to a child who, while trying to board a school bus, was shoved under the bus wheels by other children who, with plaintiff, were crowding each other and running after the bus for the purpose of getting on it. That case contains an element, so necessary for recovery, not supplied in the instant case, summed up by the Virginia court: "The defendant testified that he had had trouble with the children, on other occasions, caused by their eagerness to get on his bus first, and thus *he was put on notice that there might be repetitions of this at any time.*" (Italics supplied.)

The foregoing disposes of the theory upon which this case was tried. The theories of failure to keep the proper lookout and to sound a warning, set out in the first and third counts of the declaration have no place in the present state of the record because (1) a lookout would have been unavailing due to the structure of the bus and the respective positions of plaintiff and defendant; and (2) a warning signal would have been useless for the reason that plaintiff testified he saw the bus as he crossed the road.

We, therefore, reverse the judgment of the circuit court, set aside the verdict and award a new trial.

> *Judgment reversed; verdict set aside; new trial awarded.*