OMA PERRY

*v.*

GEORGE SCOTT

(No. 10240)

Submitted April 18, 1950.  Decided May 16, 1950.

*D. L. Salisbury, H. D. Rollins,* and *P. W. Hendricks,* for plaintiff in error.

*Steptoe & Johnson, Harry G. Shaffer, Wilson Anderson,* and *Charles W. Yeager,* for defendant in error.

GIVEN, JUDGE:

This action of trespass on the case was instituted in the Circuit Court of Boone County for recovery of damages for personal injuries suffered by the plaintiff as the result of being struck by an automobile being driven by the defendant. The trial court, over objections of the defendant, permitted the case to go to the jury. The jury, having failed to agree after about three hours of deliberation, was recalled by the court and, upon renewal of defendant's motion, directed to return a verdict for the defendant. This Court granted a writ of error and supersedeas to the judgment entered upon that verdict.

The accident occurred on the 27th day of November, 1948, at about 8:45 o'clock P. M., at a point on the public highway leading through Madison, designated U. S. Route 119. The paved portion of the highway at that point is thirty feet wide, from curb to curb, and runs in a general direction of north to south. There is a paved sidewalk along the western side of the highway but only a dirt walkway or path along the easterly side thereof. Main Street extends through Madison, runs almost parallel with the highway, and at a much lower level. Stone steps lead from Main Street up to the sidewalk along the western side of the highway, intersecting the sidewalk a short distance south of the point where plaintiff was injured. A public paved road known as the Pond Fork Road intersects the highway from the easterly side thereof and south of the point where the stone steps intersect sidewalk, about 300 feet south of the point of the accident. Approximately 300 feet north of the point where plaintiff was injured Leftwich Street crosses the highway at right angles. There was a traffic light in operation at this intersection at the time of the accident. The jury viewed the scene of the accident.

The plaintiff, about fifty years of age, an employee of A. W. Cox Department Store, located on Main Street, left her place of employment at about 8:30 o'clock P. M., made a purchase of groceries at a nearby store, and ascended the stone steps to the sidewalk along the westerly side of the highway on her way home. Her home was located on Leftwich Street easterly from the highway. Upon reaching the sidewalk she turned left and traveled on the sidewalk northerly a short distance, then started across the highway. She was struck by a car being driven by the defendant at or near the easterly curb of the highway and suffered a compound fracture of both bones of the left leg, about midway between the ankle and the knee, and suffered other lesser injuries. She was immediately removed to a hospital and given the usual treatment for such injuries. She remained in the hospital for about forty-seven days. At the time of trial it appeared that recovery was

not complete and that a bone graft operation might become advisable.

A short time prior to the injury the defendant entered the highway from the east, from the Pond Fork Road, and proceeded north on the highway. It was dark and had been raining that day, but the highway "was dry at the time", except that dirt from a nearby excavation had washed onto the highway, causing a muddy condition at the point of the accident. The evidence does not show how far this muddy condition extended out into the highway nor the distance it extended along the highway. The defendant testified that he was driving a Chevrolet automobile with four wheel brakes and that the brakes were in good mechanical condition. His headlights were burning on low beam and he could have seen a person at a distance of approximately 150 feet. There was a street light burning just south of the point where the stone steps intersected the sidewalk. The highway from a point some distance south of the place of the accident to a point some distance north thereof has a down grade, but the degree thereof is not shown. Curvature of the highway near the point of the accident is not shown.

The defendant says that the action of the trial court in directing the jury to return a verdict in his favor was proper for the reason that the plaintiff failed to prove any negligence on the part of the defendant, and for the further reason that if the defendant was negligent the plaintiff herself was guilty of contributory negligence as a matter of law. Therefore it is necessary that the Court consider in detail the evidence relating to negligence.

The plaintiff testified to the effect that at the time she left the sidewalk to cross the highway automobiles were parked along the sidewalk parallel thereto; that she walked between two of the parked automobiles and stopped at the outer edge thereof and observed passing traffic until the way appeared clear and safe for her to cross; that when the way appeared clear and safe she started to cross; that just before starting across she saw a car coming from the north but some distance away, and

also saw a car approaching from the south about 300 feet away from where she was standing, this apparently being the car of defendant, and that she walked across the highway "to the curb, turned, and prepared to step upon the curb stone, * * * and I was struck in the back by the car, * * *." On cross-examination she testified that she "* * * might not have been right up to the curb. I came straight across and then made the turn, and, as I said before, I might have made a step or two before I stepped up on the curb. Q. You mean a step or two down the hill? A. Yes, sir. As I said before, I might have made a step or two before I stepped up after I crossed."

Other witnesses corroborated the plaintiff as to her testimony in regard to stopping and watching passing traffic before attempting to cross the highway. Three witnesses who resided near the point of the accident testified to the effect that they heard the brakes of defendant's automobile "squealing" or "howling", ran to the point of accident and found the plaintiff lying on the dirt berm near the curb. Another witness for the plaintiff testified that she heard the defendant say, at the Madison Hospital, that "* * * he didn't see—the car coming towards him blinded him, and he didn't see her until after he had done hit her and she was up on his car." The making of this statement appears not to have been denied by the defendant, though in direct conflict with that part of his testimony to the effect that the plaintiff was in the lane in which traffic was going south and was running across the highway when he first saw her.

The defendant testified to the effect that he drove onto the highway from the Pond Fork road and proceeded northerly on the highway at a rate of speed of twenty-five to thirty miles per hour; that just after he had met a car the plaintiff ran across the road in front of his car; that he applied his brakes immediately when he first saw the plaintiff; that upon being struck by his car plaintiff was thrown onto the hood of the car; that after being carried about twenty feet on the hood she rolled off onto the dirt berm about the time the car came to a stop; that the part

of the car which struck her was "right near the center of the car. The front." and that he measured the distance his car skidded and that "all four wheels skidded a distance of fifty-six feet". It is further shown that the defendant was familiar with the highway at and near the point of the accident and was, before the time of the accident, familiar with the muddy condition of the highway near the point of the accident.

Ernest Reed testified that he was driving his car south on the highway at about the time and place of the accident; that he "saw a lady standing underneath the street light", on the right side of the street going up, and that the lady ran across the street about twenty feet in front of his car, and that another car came down, presumably defendant's car, and that he heard the brakes of the other car "squealing", but did not see the accident. James L. Duncan, a passenger in the Reed car, testified to practically the same effect as Reed, but upon being asked: "Q. Where was this woman with reference to the car coming down the hill? In other words, where did she, and when did she cross the highway with reference to when the car came along?", he answered: "A. Well, she got there just at the same time the car did, on the other side of the street. He was going down, and she was going across". Kenneth E. Hamrick, who was riding in the car with defendant at the time of the accident, testified that when defendant first saw plaintiff he applied his brakes and that the brakes did immediately "take hold" and started skidding the car, and that the wheels skidded about twenty feet after striking the plaintiff, and that the mud on the highway extended about ten feet above where the plaintiff was struck.

Under this evidence was the trial court justified in directing the jury to return a verdict for the defendant? In answering this question we must look only to that part of the evidence which is favorable to the plaintiff. Inferences fairly arising therefrom favorable to the plaintiff must be indulged in. *Parsons* v. *Railroad,* 127 W. Va. 619, 34 S. E. 2d 334; *Fielder* v. *Cab Company,* 122 W. Va. 522,

11 S. E. 2d 115; *Hambrick v. Spaulding,* 116 W. Va. 235, 179 S. E. 807; *Nichols* v. *Coal Company,* 112 W. Va. 85, 163 S. E. 767.

The only respect in which the defendant contends that the evidence of plaintiff was insufficient is that negligence on the part of the defendant was not established. Negligence cannot be presumed; it must be proven. *Keirn* v. *McLaughlin,* 121 W. Va. 30, 1 S. E. 2d 176. See *Ice* v. *County Court,* 77 W. Va. 152, 87 S. E. 75. A jury would be warranted in finding that the plaintiff, in attempting to cross the highway, as she had the right to do, used at least ordinary caution in so doing; that she stopped at a safe place and waited until she believed all traffic dangerously close had passed; that having reason to believe the way clear, she walked to the other side of the highway and was in the act of stepping off the highway when struck by defendant's car; and that, under the circumstances, defendant saw, or should have seen, the plaintiff in the act of crossing the highway in time to have avoided the injury, had he been driving in a reasonably careful manner. There appears much force to the argument of the plaintiff that the fifty-six foot skid marks of all four wheels of defendant's car indicated an unreasonable speed, especially if forty-six of the fifty-six feet were on dry pavement, as the jury would be warranted in finding. Also, it must be remembered that the defendant's car was on the easterly side of the highway when it struck plaintiff, notwithstanding there appears to have been approximately twenty-four feet of paved highway on which cars were traveling. Would not the jury be warranted in finding that defendant was negligent in not slowing his speed on approaching the muddy portion of the highway, when he had prior knowledge of that condition and could have observed it with the headlights of his car burning, and with the street lights burning, before reaching the point of accident? In view of this evidence, and the inferences that may be properly drawn therefrom, we are of the opinion that there was sufficient evidence to take the case to the jury.

We are also of the opinion that contributory negligence of plaintiff was not established as a matter of law. As indicated above, the jury would have been warranted in finding that the plaintiff, in attempting to cross the highway, used reasonable care in crossing. They could have believed her testimony to the effect that she waited at a safe place until she believed the way clear; that she then crossed the highway in a careful and cautious manner, believing, as an ordinarily prudent person would have believed, that there were no cars in dangerous proximity. The jury could also have believed that the plaintiff was not guilty of contributory negligence in taking a step or two on the highway before stepping onto the curb if, in fact, she did take such step or two. The muddy condition of the highway, the condition of the dirt walkway or berm, and the elevation of the curb, would be matters the jury would be warranted in considering in reaching an answer to that question. They viewed the scene of the accident and had its condition at the time of the accident pointed out to them.

Plaintiff complains of the action of the trial court in denying her motion for a non-suit made after the jury had deliberated for approximately three hours, had failed to agree, and after the trial court had indicated that it would grant defendant's motion to direct a verdict. The view this Court has taken of this case makes it unnecessary to discuss this proposition. See, however, Code, 56-6-25; *Pipe and Supply Company* v. *Nitro Corporation,* 95 W. Va. 13, 120 S. E. 174.

It appears from the foregoing that the judgment of the circuit court must be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*