LOUISA ALLGEIER, ADMINISTRATRIX OF THE ESTATE OF GEORGE J. ALLGEIER, RESPONDENT, v. ERIE RAILROAD COMPANY, A CORPORATION, APPELLANT.

Submitted March 24, 1924—Decided May 19, 1924.

1. The right to submit to a voluntary nonsuit is preserved until the jury has retired to consider its verdict or some judicial action has been taken, the legal effect of which is to control the action of the jury.
2. A motion to direct a verdict is in effect a demurrer to the evidence and is entirely under the control of the court, and when it directs a verdict it in effect takes the case from the jury and molds the verdict itself.
3. When a motion is made at the close of a case to direct a verdict for the defendant, two courses are open to the plaintiff, either to submit to a voluntary nonsuit or resist the motion; if he adopts the latter course and if the judge decides to direct a verdict in favor of the defendant, it is too late for the plaintiff to submit to a voluntary nonsuit. *Cook* v. *American Smelting and Refining Co.*, 99 *N. J. L.* 81, followed. *Malone* v. *Erie Railroad Co.*, 90 *Id.* 350, so far as it conflicts, overruled.

---

On appeal from the Supreme Court.

For the appellant, *Edward A. Markley, Charles W. Broad-hurst* and *Collins & Corbin.*

For the respondent, *Weinberger & Weinberger* and *Irving L. Werksman.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This is an appeal from a judgment of the Supreme Court, reversing a judgment of the Bergen Common Pleas, rendered by a jury for defendant upon direction of the court. The record discloses the following: At the close of plaintiff's case defendant moved for a nonsuit upon five grounds, stating them; then the record says "[extended argument]," and then the judge refused the motion, saying, "I think I will let it go to the jury. You may have an exception." The present rule, 107a of the Supreme Court, very properly prohibits the return with the record of the arguments of counsel on these motions. Counsel for plaintiff is presumed to have participated in this argument in opposition to this motion. In any event, he had the opportunity, even if he did not avail himself of it.

At the close of the whole case defendant moved for direction of a verdict in its favor on the same grounds on which the motion for nonsuit was made. The record properly proceeds "[argument]." And the judge said, "I think I will grant the motion, under all the circumstances, on the first, second and fourth grounds that were alleged." Whereupon counsel for plaintiff said, "Will your honor direct a motion for a nonsuit in this case, and not a verdict." This amounted to plaintiff moving that the court grant defendant's motion for nonsuit made earlier in the case and denied. Plaintiff's counsel had no right to request the judge to turn defendant's motion for direction of a verdict into his prior motion for a nonsuit. It is apparent that what plaintiff really desired was leave of the court to submit to a voluntary nonsuit, but nowhere in the record did he request such leave. Plaintiff was content with the denial of defendant's motion to nonsuit until the judge decided to direct a verdict

in favor of defendant, and then plaintiff's counsel said, among other things, "I do think that the plaintiff is entitled to have a nonsuit in this case." The court thought not, and allowed an exception. The Supreme Court said they thought the statement of defendant's counsel (meaning plaintiff's counsel, for it was he who made the statement), that plaintiff is entitled to have a nonsuit, is, in effect, a submission to such nonsuit. We do not think so. The only colloquy was about granting defendant's motion for nonsuit, previously made and overruled. Plaintiff's counsel, Mr. Weinberger, said: "If your honor please, counsel moved for a nonsuit." Defendant's counsel, Mr. Markley, "No, I did not." Mr. Weinberger, "Did you not move for one yesterday?" Mr. Markley, "I moved for a direction of a verdict now. The motion yesterday was denied." We think this plainly shows that Mr. Weinberger endeavored to have Mr. Markley's motion for nonsuit substituted for his (Mr. Markley's) motion to direct, and this he had no right to do. The motion was Mr. Markley's and not Mr. Weinberger's, and the latter had nothing to do with it, except to oppose it. He never once asked leave to submit to a voluntary nonsuit, and even if his remark is to be given that effect, as the Supreme Court thinks it should, nevertheless it came too late.

The Supreme Court in this case said in its opinion, among other things, that it is settled that plaintiff has a right to suffer a nonsuit on his own motion at any time before the jury have retired to consider their verdict, citing *Malone* v. *Erie Railroad Co.,* 90 *N. J. L.* 350, adding that it was held in that case that an offer to submit to a voluntary nonsuit is made in time, providing the court has not then begun its instruction to the jury to render a verdict for defendant.

The Malone case cannot be given the full effect attributed to it by the Supreme Court, in view of the later case in this court of *Cook* v. *American Smelting and Refining Co.,* 99 *N. J. L.* 81. In the Malone case the Supreme Court said (90 *N. J. L.*—at *p.* 352) that the right to submit to a voluntary nonsuit is preserved by our statute until the jury has retired to consider its verdict or some judicial action has

been taken, the legal effect of which is to control the action of the jury. Now, in the Cook case, we decided that the judge's determination to grant the motion controlled the action of the jury. When the directed verdict was granted in that case the jury was absent, and, consequently, was not polled, and we held that had the jury been present and instructed by the court to return a verdict for the defendant, it would not have been at liberty to disregard that direction, and any verdict rendered in defiance of it would have been instantly set aside, and the jurors would have been liable to answer for contempt of court; that a motion to direct a verdict is, in effect, a demurrer to the evidence, and is entirely under the control of the court, and when it directs a verdict it, in effect, takes the case from the jury and molds the verdict itself.

When the plaintiff in the case at bar was confronted with the motion to direct a verdict in favor of the defendant she had two courses open to her, either to submit to a voluntary nonsuit or resist the motion. She chose the latter course, and, after the judge decided to direct the verdict against her, and thus controlled the action of the jury, it was too late for her to elect to submit to a voluntary nonsuit. The plaintiff had no right to speculate upon the result, and, after defeat, resort to a course which would frustrate the ruling of the court against her. The defendant was then entitled to the fruits of its motion to direct.

Upon both grounds, namely, that there was no offer to submit to a voluntary nonsuit, and, also, that the attempted submission came too late, the judgment of the Supreme Court should be reversed, to the end that the judgment of the Bergen Common Pleas may be affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 12.